174 So.2d 395 (1965)
THE FLORIDA BAR, Petitioner,
v.
Albert P. TOWN, Respondent.
No. 33563.
Supreme Court of Florida.
April 21, 1965.
*396 Edward I. Cutler, Tampa, for The Florida Bar, petitioner.
James T. Russell, St. Petersburg, for respondent.
O'CONNELL, Justice.
On petition of The Florida Bar this Court issued its rule directing that the respondent Albert P. Town, who is not a member of The Florida Bar, show cause why he should not be held in contempt of the Integration Rule of The Florida Bar heretofore adopted by this Court.
In its petition The Florida Bar charged that the Respondent in newspaper advertisements held himself out to be a specialist in the incorporation of businesses and offering to handle all details in the formation thereof; that respondent had been previously informed by the Office of the Secretary of State that the formation of a corporation for another for a fee by a person not a lawyer, could be considered a violation of Section 454.23, F.S.A.; nevertheless, respondent did advise and represent one Richard Price and cause a Florida corporation to be formed for him, preparing the corporate charter and related documents. The petition also set forth various alleged errors or inadequacies in the corporate charter which were to the detriment of Mr. Price.
The respondent has filed an answer in which he denied that he had held himself out as a corporation specialist since October, 1963, but admitted that during the months of October, November and December, 1963, he did act as such a specialist on several different occasions. He states that upon learning that his actions might be construed to be the unauthorized practice of law he ceased them and has done nothing further which could be deemed to be the practice of law. He says that he is an accountant and any work recently done for corporations has been accounting. He does not allege that his services as a corporation specialist were performed for and under the direction of a member of The Florida Bar.
Respondent points out that this Court has never decided whether the preparation of a corporate charter, and related documents, does or does not constitute the practice of law. He asks us to do so now.
In State ex rel. Florida Bar v. Sperry, Fla. 1962, 140 So.2d 587, 591, in an effort to formulate a general definition of conduct which constitutes the practice of law, this Court said:
"It is generally understood that the performance of services in representing another before the courts is the practice of law. But the practice of law also includes the giving of legal advice and counsel to others as to their rights and obligations under the law and the preparation of legal instruments, including contracts, by which legal rights are either obtained, secured or given away, although such matters may not then or ever be the subject of proceedings in a court.

*397 "We think that in determining whether the giving of advice and counsel and the performance of services in legal matters for compensation constitute the practice of law it is safe to follow the rule that if the giving of such advice and performance of such services affect important rights of a person under the law, and if the reasonable protection of the rights and property of those advised and served requires that the persons giving such advice possess legal skill and a knowledge of the law greater than that possessed by the average citizen, then the giving of such advice and the performance of such services by one for another as a course of conduct constitutes the practice of law." (Emphasis supplied.)
That a corporate charter constitutes an important contractual document is settled law. Marion Mortgage Co. v. State ex rel. Davis, 1932, 107 Fla. 472, 145 So. 222 (charter constitutes contract between the corporation and state); Douglass v. State Bank of Orlando, 1919, 77 Fla. 830, 82 So. 593, 595 (charter constitutes contract between the corporation and its stockholders). See also 7 Fla.Jur. pp. 372-373 and 408. The by-laws of the corporation when properly adopted likewise constitute a binding agreement among the stockholders and between the stockholders and the corporation.
For various reasons the corporation has become an increasingly popular form of business organization. Because of its popularity it has been the object of ever greater attention through statutes and regulations of federal taxing authorities. As The Florida Bar contends was the case here, lack of knowledge of the applicable statute, ch. 608, F.S.A., and experience in the design and operation of the corporate form may well result in failure to provide many advantages in flexibility of purposes, number of shares of stock, and other items which could be initially provided at no extra cost to the stockholders. Moreover, the interest of federal taxing authorities in corporate financing makes it unwise to launch even the smallest corporation without resort to the advice of competent trained and experienced experts in the applicable law and regulations. The formation of a corporation necessarily involves the giving of advice relative to the rights and obligations of those involved in the venture.
We are of the view that the preparation of charters, bylaws and other documents necessary to the establishment of a corporation, being the basis of important contractual and legal obligations, comes within the definition of the practice of law as defined in the Sperry case, supra. The reasonable protection of the rights and property of those involved requires that the persons preparing such documents and advising others as to what they should and should not contain possess legal skill and knowledge far in excess of that possessed by the best informed non-lawyer citizen.
Other courts have reached the same conclusion. Blair v. Motor Carriers Service Bureau, Inc. et al., 40 Pa.Dist. & Co.R. 413, 431 (Phila. County, Penna. 1939) and cases cited therein. The respondent has cited no cases holding to the contrary and we have found none.
The respondent has cooperated in seeking the determination made herein and there is nothing to indicate that he has deliberately or contemptuously violated that part of the Integration Rule prohibiting the unauthorized practice of law. Further, he expresses the intention to abide the decision of this Court. We therefore decline to hold him in contempt.
However, by this order we do permanently enjoin the respondent, Albert P. Town, from forming corporations for others, including the preparation of charters, by-laws, resolutions, and other documents incidental to the contractual rights of the corporation, its incorporators, and stockholders, and from advising others in respect *398 thereto. Respondent states that he is an accountant. Therefore, any rights to advise others as to fiscal and accounting matters which he may have as an accountant shall not be impaired by this injunction.
It is so ordered.
DREW, C.J., and ROBERTS, THORNAL and CALDWELL, JJ., concur.