190 So.2d 748 (1966)
THE FLORIDA BAR, Petitioner,
v.
Nicholas F. FUENTES, Respondent.
No. 34228.
Supreme Court of Florida.
October 12, 1966.
*749 Edward I. Cutler, Tampa, H. Robert Koltnow and Walter A. Apfelbaum, Miami, for The Florida Bar, petitioner.
W.J. Oven, Jr., Tallahassee, for respondent.
PER CURIAM.
The Florida Bar filed its petition on April 15, 1965, charging Nicholas F. Fuentes with the unauthorized practice of law. This court filed a rule to show cause why respondent-Fuentes should not be held in contempt of this court for violation of the Integration Rule of The Florida Bar. After various motions were filed and heard the court granted a petition for appointment of a referee and appointed the Honorable Paul D. Barns referee to receive and hear the evidence and directed him to transcribe the same and forward it to this court together with his findings and recommendations. Pursuant to this order the referee filed the following:
"On October 14, 1965, the undersigned was appointed Referee in the instant matter by the Supreme Court of the State of Florida, pursuant to Article XVI of the Integration Rule of the Florida Bar. Thereafter, on May 20, 1966, this cause came on for Final Hearing before the Referee pursuant to notice duly given. The Referee considered the various pleadings on file, including, in particular, the Amended Answer of the Respondent, the Respondent's Deposition, which was duly introduced into evidence, the Requests for Admission and the Respondent's response to same, which were also duly admitted into evidence. The factual issues in this case were not disputed and on the basis of the record the Referee makes the following Findings of Fact, Conclusions of Law, and Recommendations:
FINDINGS OF FACT
"1. The Respondent is not admitted to the Florida Bar or to the Bar of any other state. The Respondent is not licensed to practice law in the State of Florida. The Respondent is not licensed as a Real Estate Broker in the State of Florida. The Respondent is a Notary Public, commissioned by the State of Florida. The Respondent is an Accountant.
"2. The Respondent has admitted variously in his Deposition, in his Amended Answer, in his response to a Request for Admissions and in his Answers to Interrogatories that he has done the following acts and things with reference to Florida corporations:
"(a) He has prepared Articles of Incorporation.
"(b) He has prepared Pre-incorporation Agreements and Subscriber Agreements.
"(c) He has prepared Stock certificates.
"(d) He has prepared Stockholders' Agreements.
"3. All of the activities of the Respondent, with reference to Florida corporations, as enumerated in Findings 2 (a) through (d) above, were done by the Respondent for a valuable consideration.

*750 "4. The Respondent has not rendered the services as enumerated in Findings 2 (a) through (d) since the filing of the instant suit.
"5. The Respondent has participated as an advisor to various clients or customers with regard to the sales of businesses and has rendered the following services and has done the following things with reference to such sales of businesses:
"(a) He has prepared Agreements for sales of businesses.
"(b) He has conducted the closing of such sales and purchases on behalf of the purchaser or the seller, as the case may have been.
"(c) He has prepared Notices under the Bulk Sales Act, § 726, Florida Statutes, and has placed these Notices in newspapers of general circulation in Dade County, Florida, as provided in said Statute.
"(d) He has prepared Affidavits under the said Bulk Sales Act.
"(e) He has prepared Affidavits under the Fictitious Name Statute, § 865.09, Florida Statutes.
"(f) He has prepared Notices under the said Fictitious Name Statute and placed such Notices in newspapers of general circulation in Dade County, Florida, as provided in said Statute.
"(g) He has prepared Bills of Sale transferring Title to Personal Property.
"(h) He has prepared Promissory Notes and Chattel Mortgages in connection with such transactions.
"(i) He has arranged for and prepared the legal instruments necessary to accomplish the transfer of Lesses' interests with regard to such transactions.
"(j) He has prepared the necessary legal instruments to accomplish the transfer of City, County and State Licenses with reference to such transactions.
"(k) He has prepared Assignments of Accounts Receivable with reference to such transactions.
"In the performance of the various services and the doing of the various things enumerated in Findings 5(a) through (k), the Respondent acted for a valuable consideration when he had no financial interest whatsoever in the business being sold.
"6. The Respondent has not done the things enumerated in Findings 5(a) through (k) since the filing of the instant suit.
"7. The Respondent, in connection with his business activities, has used the names `Notaria Fuentes' and to a lesser extent, `Consultoria Fuentes'. The Respondent has further designated himself as `Notario Publico'.
"8. The terms `Notaria', `Consultoria' and `Notario Publico' in Cuba, and in Spanish speaking countries generally, with a few exceptions, refer to an attorney or to law offices and to the practice of law therein. This is so because only an attorney may hold himself out as a `Notaria' or `Notario Publico' in Cuba and most Spanish speaking countries.
"9. The use of the terms `Notaria', `Notario Publico' and `Consultoria' by the Respondent, was misleading to Cubans and to other Spanish speaking people because of their prior experience with these terms in their countries of origin, and because of their unfamiliarity with the extent of the services permitted to be performed by a Notary Public in the State of Florida.
"10. The use of the terms `Notaria', `Notario Publico' and `Consultoria' indicated to the Cuban clientele of the Respondent and to his clientele native to other Spanish speaking countries, that he was an attorney authorized to perform *751 the services generally provided by an attorney in the State of Florida. This was misleading and the misleading connotation was reinforced by the fact that the Respondent engaged in rendering legal services as set out in Findings 2 and 5 above.
"11. The Respondent used the terms `Notaria' and `Notario Publico' after the filing of the instant suit, but has since discontinued the use thereof.
CONCLUSIONS OF LAW
"1. The Court has jurisdiction of the parties to and of the subject matter of this action.
"2. The activities enumerated in Findings 2(a) through (d) above, relating to preparation of various documents pertaining to corporations, constitutes the practice of law by the Respondent. The Florida Bar v. Town, 174 So.2d 395 (Fla. 1965). Moreover, it is not merely that the Respondent performed all of these services or several of them in connection with a given corporation that constitutes his activities as the practice of law; the performance of any of the activities is the practice of law and these services may be rendered only by lawyers who have the training and knowledge to perform them.
"It is interesting to note that the Respondent attempted in various of his pleadings to justify his activities with regard both to corporations and to the sale of businesses by saying that he simply filled in the blanks of forms. It may well be that in many instances that is all that is required in a given transaction. However, if this is the limit and extent of the Respondent's pseudo-knowledge, then what of those transactions which require more than the filling in of blanks? Obviously, the Respondent of necessity and by his own admission can offer only a limited, misleading and dangerous pseudo-legal service.
"3. The activities of the Respondent as enumerated in Findings 5(a) through (k) above, constitute the practice of law. Moreover, the doing of each of the enumerated acts, would in itself be the practice of law on the part of anyone not acting solely for himself. It is clear to the undersigned Referee that each of the said enumerated acts requires the knowledge, background and training of a lawyer for its proper performance. The same reasons which were given by the Supreme Court of the State of Florida in the Town case, supra, are applicable to the performance of the enumerated services pertaining to the sale of businesses. These acts and services are no less objectionable than were the activities enjoined in the Town case. The potential damage to the public is equally great unless these activities are proscribed.
"In addition to the precedent of the Town case, supra, the activities of the Respondent with reference to the sale of businesses are in many ways analogous to the activities of real estate brokers which have not been allowed in Florida since the decision of the Supreme Court of Florida in Keyes Co. v. Dade County Bar Association, 46 So.2d 605 (1950), which was reasserted in Cooperman v. West Coast Title Co., 75 So.2d 818 (1954). These decisions precluded the preparation of Deeds, Mortgages, and similar instruments by real estate brokers. There would seem to be no reason to treat differently the preparation of similar instruments involving the sale of Chattels by one not having qualifications comparable to those of a real estate broker. Accordingly, the preparation by the Respondent of instruments such as Bills of Sale, Chattel Mortgages, etc. in connection with the sale of businesses cannot be permitted.
"In an attempt to justify his services with reference to the sale of businesses, the Respondent has said, in his Deposition, that he performed these services for *752 regular clients who principally came to him for accounting advice. The main business activity of the Respondent is the performance of accounting service. This is no justification at all, and it is manifest that the performance of each of the services enumerated goes well beyond the normal and proper functions of an accountant.
"4. The terms used by the Respondent, `Notaria', `Notario Publico' and `Consultoria' are misleading to many of the customers of the Respondent who are accustomed to dealing with individuals with those titles who are authorized to practice law in their countries of origin and who are unfamiliar with the language and customs of this country. In particular, `Notaria' and `Notario Publico' convey to a person of Cuban origin, who has not been informed otherwise, that law is practiced by the person using the term. The use of this terminology by the Respondent, and any other translation of the word `Notary Public' should be enjoined.
"It should also be stated that even if the Respondent were licensed as a `Notario Publico' in Cuba or another country where this meant that he could render legal services, this would not be a predicate for his rendering legal services in the State of Florida.
RECOMMENDATIONS
"1. The Respondent, NICHOLAS F. FUENTES, together with any person, firm, agent or legal entity working in concert with Respondent, should be permanently enjoined from the unauthorized practice of law, including, without limitation, the performance of the various services and the doing of the various acts enumerated in the Findings of Fact above.
"2. The Respondent, NICHOLAS F. FUENTES, together with any person, firm, agent or legal entity working in concert with the Respondent, should be permanently enjoined from using the terms `Notaria', `Notario Publico', `Consultoria', and any other translation of the term `Notary Public'.
"DONE AND ORDERED in the City of Miami, Dade County, Florida, this 29th day of June, 1966.
* * * * * *
"PAUL D. BARNS, REFEREE"
We have carefully examined the referee's report incorporating findings of fact, conclusions of law, and his recommendations in regard to the disposition of this cause and conclude that the recommendations of the Honorable Paul D. Barns, referee, should be and they are hereby adopted.
Out of an abundance of caution we reviewed the Objections to the Referee's Report, filed after the time period required by the Rules, to ascertain whether respondent was deprived of any of his rights and found that the objections were wholly without merit. The Motion to Strike Objections to the Referee's Report was thereupon granted. It is necessary for the orderly review of cases that objections be timely filed and only in the most compelling cases where prejudicial harm to respondent is clearly evident will this court review Objections to a Referee's Report filed after the expiration of the time for filing required by Rule No. 6, Article XVI, of the Integration Rules of The Florida Bar.
Accordingly, the respondent, Nicholas F. Fuentes, together with any person, firm, agent or legal entity working in concert with him are permanently enjoined from the practice of law, including but not confined to the acts enumerated in the foregoing findings of fact, and further, the respondent, together with any person, firm, agent or legal entity working in concert with respondent, are permanently enjoined from using the terms "Notaria", "Notario Publico", "Consultoria", and any other translation of the term "Notary Public", or any other term denoting that respondent is authorized to practice law, and that he pay *753 the costs in this proceeding in the amount of $652.73.
It is so ordered.
THORNAL, C.J., and THOMAS, ROBERTS, DREW, O'CONNELL and ERVIN, JJ., concur.