No. 22890.

THE PEOPLE OF THE STATE OF COLORADO EX REL. DUKE W. DUNBAR, ATTORNEY GENERAL OF THE STATE OF COLORADO *v.* SAMUEL B. MCCLELLAN.

(434 P.2d 126)

Decided November 20, 1967.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for relator.

ALEXANDER M. HUNTER, for respondent.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

This is an original proceeding brought in the Supreme Court by the Attorney General in his official capacity. The Attorney General's complaint in contempt charges the respondent, Samuel B. McClelland, with a violation of C.R.S. 1963, 12-1-17 relating to unauthorized practice of law.

The complaint alleges that the respondent, not being an attorney licensed to practice law in Colorado, did represent and hold himself out to be able to perform the services of an attorney at law, and did, in fact, perform such services to-wit: the preparation of articles of incorporation for one John P. Vander Kuyl of Englewood, Colorado, for which services the respondent charged and received a fee of $500.

A contempt citation was issued and directed the respondent to make an appearance and show cause in writing why he should not be held in contempt of the Supreme Court. The respondent appeared and answered. Thereupon, District Court Judge Lawrence Thulemeyer of the Sixteenth Judicial District of Colorado was designated as Special Master to hear the evidence and report his findings to the Supreme Court. A hearing was held and the Special Master's report, the transcript of the testimony, and the exhibits are now before us for consideration.

In summary, the report of the Special Master and the transcript of the evidence reflects that the respondent, an insurance broker and business consultant, agreed to prepare articles of incorporation for John P. Vander Kuyl who had decided to incorporate his business ventures. The respondent charged Mr. Vander Kuyl $500 for these services to also include the setting up of corporate books and accounts after incorporation. The respondent received this fee in advance. He prepared the articles of incorporation, consisting of six pages, and presented it to Mr. Vander Kuyl for the signatures of

the incorporators. After signing, it was returned to the respondent for filing.

The incorporators who signed the articles of incorporation were John P. Vander Kuyl, Christine B. Vander Kuyl, and Kathleen E. B. Houk, all of whom were also named as beginning directors. These facts are mentioned because the respondent's testimony alluded to a purported understanding with Mr. Vander Kuyl that the respondent was to be a director, and presumably therefore would be acting pro se and legally in the preparation of this corporate document, the contents of which in naming directors other than the respondent would seem to negative this purported understanding.

Mr. Vander Kuyl testified that before the articles of incorporation were filed by the respondent, he asked him to "stop the action" because he found out that he should not be dealing with the respondent on this corporation matter as he was not a lawyer.

The evidence also revealed that respondent was or had been associated with the Flatirons Corporation, and that the articles of incorporation he prepared for Mr. Vander Kuyl, are almost identical with those of the Flatirons Corporation, with the exception of the directors, the amount of authorized capital stock, and the number of directors to serve on the Board. The Special Master specifically found that the respondent did not at any time during his negotiation with Mr. Vander Kuyl hold himself out to be a lawyer, and that he did, in fact advise Mr. Vander Kuyl that he was not a lawyer.

In his report, the Special Master concludes with the ultimate finding that the evidence adduced at the hearing established beyond a reasonable doubt that the respondent held himself out to Mr. Vander Kuyl as being able to perform the services of incorporating Vander Kuyl's business ventures, that such services are generally required to be performed by a licensed attorney, that the respondent is not licensed to practice law in the State of Colorado, that he did prepare articles

of incorporation and submitted this document to Mr. Vander Kuyl for the signatures of the incorporators, and that he charged and received a fee of $500 therefor.

The transcript of the evidence and the exhibits amply support the findings of the Special Master and we therefore find the respondent, Samuel B. McClellan, guilty of contempt of this court; and we adjudge and decree that he be fined therefor in the sum of $250, plus court costs of $113.40; that these sums be paid into the office of the Clerk of this court within twenty days of the announcement hereof; and that in default of said payment, respondent be incarcerated in the County Jail of the City and County of Denver and there held for a period of ninety days or until this fine has been paid.

We further order that the respondent Samuel B. McClellan, within twenty days from the announcement hereof, refund to Mr. John P. Vander Kuyl the sum of $500 and that failure to abide by this order shall subject the respondent to incarceration in the County Jail of the City and County of Denver until this order has been carried out.