OWEN, Judge.
In an action on a promissory note the court entered summary judgment in favor of the plaintiff from which the defendants bring this appeal.
The issue involved is whether the agreement made between the parties, out of which the promissory note arose, was an illegal agreement thereby making the promissory note unenforceable. We hold that the agreement was not illegal and affirm the summary judgment in favor of the plaintiff appellee.
Appellant, Oakland Consolidated Corporation, owned certain real estate in Orange County, Florida which was zoned R-1A. Appellee was a real estate broker. The parties entered into a written agreement whereby appellee agreed that it would attempt to have the real estate rezoned from R-1A to R-3 zoning, with the owner to pay all necessary and required charges incurred for such attempted rezoning. If appellee was successful in its efforts to have the property rezoned, appellee would have the exclusive right of sale on the property for a period of one year thereafter; if the property was sold during the one-year period appellee would receive a commission of 10% of the sales price, but if it was not sold by the end of the one-year period the owner would be absolutely obligated to pay the broker the sum of $7,500 for services rendered and the agreement would thereupon terminate.
Appellee presented to the Planning and Zoning Commission of Orange County, Florida appropriate request for the zoning change and in due course it was approved, becoming final on May 16, 1967. When the property was not sold within one year thereafter, the broker called upon the owner to fulfill its obligation to pay the broker the sum of $7,500 pursuant to the agreement. After some delay and further negotiations, the parties agreed that the date of payment of the obligation would be extended to November 1, 1968, provided the corporate owner and its president (appellant Kramer) would execute and deliver a promissory note in the amount of $7,500 due and payable on this latter date. The note was executed and delivered and when *385 not paid at maturity became the subject of the instant suit.
Appellants claimed that the contract was illegal because it called for the broker to perform legal services which by law it was not authorized to do. The trial court found it unnecessary to pass upon this issue because it determined that at best such would make the contract voidable only rather than void and the appellants, by accepting the benefits of the contract, were estopped to renounce it.
We hold that the conduct of the appellee did' not constitute the practice of law as the same has been defined by our Supreme Court in State ex rel. Florida Bar v. Sperry, Fla. 1962, 140 So.2d 587, 591 and reiterated with approval in The Florida Bar v. Town, Fla. 1965, 174 So.2d 395, 396. Although several other points are raised on the appeal, we do not need to decide them in view of our disposition of this case.
Affirmed.
WALDEN and REED, JJ., concur.