240 So.2d 153 (1970)
THE FLORIDA BAR, Petitioner,
v.
John J. SCUSSEL, Respondent.
No. 39848.
Supreme Court of Florida.
October 14, 1970.
*154 Norman K. Schwarz, Paul S. Berger, Miami Beach and Richard C. McFarlain, Tallahassee, for The Florida Bar.
John J. Scussel, in pro. per.
PER CURIAM.
On petition of The Florida Bar, this Court issued its order directing that the Respondent, John J. Scussel, who is not a member of The Florida Bar, show cause why he should not be held in contempt of this Court for violation of the Integration Rule of The Florida Bar, 32 F.S.A. heretofore adopted by this Court, and why he should not be enjoined from the unauthorized practice of law.
The power is vested in this Court by the Constitution of the State of Florida to restrict the practice of law to those persons who are qualified to practice, and who demonstrate such qualification by attaining membership in The Florida Bar. As this Court said in Florida Bar v. Town, 174 So.2d 395, 396-397 (Fla. 1965), quoting the decision of the Court in State of Florida ex rel. Florida Bar v. Sperry, 140 So.2d 587, 591 (Fla. 1962):
"It is generally understood that the performance of services in representing another before the courts is the practice of law. But the practice of law also includes the giving of legal advice and counsel to others as to their rights and obligations under the law and the preparation of legal instruments, including contracts, by which legal rights are either obtained, secured or given away, although such matters may not then or ever be the subject of proceedings in a court.
"We think that in determining whether the giving of advice and counsel and the performance of services in legal matters for compensation constitute the practice of law it is safe to follow the rule that if the giving of such advice and performance of such services affect important rights of a person under the law, and if the reasonable protection of the rights and property of those advised and served requires that the persons giving such advice possess legal skill and a knowledge of the law greater than that possessed by the average citizen, then the giving of such advice and the performance of such services by one for another as a course of conduct constitute the practice of law."
In the Town case, this Court concluded that the preparation of a corporate charter involves preparation of an important contractual document.
In its petition, The Florida Bar charged that the Respondent violated Art. II, § 2 of the Integration Rule, which provides:
"No person shall engage in any way in the practice of law in this state unless such person is an active member of The Florida Bar in good standing except that a practicing attorney of another state, in good standing, who has professional business in a court of record of this state may, upon motion, be permitted to practice for the purpose of such business only, when it is made to appear that he has associated and appearing with him in such business an active member of The Florida Bar."
It is contended that the Respondent engaged in the unauthorized practice of law in the following instances:
1. That during 1966 in Alachua County, the Respondent organized a corporation and secured a charter; and that when advised by a representative of The Florida Bar of his violation, the Respondent admitted such violation and further agreed to cease and desist from any further violations.
2. That during 1969 in Dade County, the Respondent in the District Court of *155 the United States, Southern District of Florida, In Bankruptcy, in the matter of Pac Craft, case No. 69-129-BK-JE, did file an appearance as counsel in behalf of one of the creditors in the case; that at various times during pendency of the proceedings, the Respondent held himself out before the Court and those present as attorney for the creditor; and further, that during pendency of these proceedings in bankruptcy the Respondent did file a memorandum brief on behalf of the creditor in which the Respondent designated himself as "John J. Scussel, Attorney for Paul A. Wolf."
In its petition, The Florida Bar asked this Court to issue an order to Respondent requiring that he show cause why he should not be held in contempt of this Court; and that this Court permanently enjoin the Respondent from engaging in the practice of law in the State of Florida.
By order of July 7, 1970, order was issued to Respondent directing him to show cause why he should not be held in contempt, and directing him to file a written answer admitting or denying the matters set forth in the petition filed by The Florida Bar.
In response, the Respondent did not file an answer specifically admitting or denying the allegations, but instead filed a letter which this Court concludes is intended to function as an answer, in which the Respondent generally would not accept as being true the allegations made, but in which he also agreed to accept punishment for these actions and agreed to submit to a court order enjoining further unauthorized practice of law.
After examination of the record and the pleadings, the Court finds that the Respondent did engage in the unauthorized practice of law in Alachua County in 1966, and that he ceased and desisted from these activities at behest of The Florida Bar; and further, that the Respondent again engaged in the unauthorized practice of law in Dade County in 1969 by representing himself by his personal conduct and by his signature to be a person qualified to practice law.
It is, therefore, considered, ordered and adjudged that Respondent is in contempt of this Court and as punishment for said contempt the Respondent is hereby sentenced to imprisonment in the County Jail of Leon County, Florida, for the period of thirty (30) days and shall pay to the Clerk of this Court as a fine the sum of Five Hundred Dollars ($500.00). The sentence to imprisonment shall be suspended upon payment by the Respondent of the fine. Commitment of the Respondent is withheld for a period of fifteen (15) days from the date of the filing of this opinion.
It is further ordered that Respondent, John J. Scussel, be and he is hereby permanently enjoined from the unauthorized practice of law; and
It is further ordered that this case shall be kept open and the files and records therein shall be available for use in the prosecution of the Respondent for any future violations of Art. II, § 2, Integration Rule of The Florida Bar.
It is so ordered.
ERVIN, C.J., and ROBERTS, DREW, ADKINS and BOYD, JJ., concur.