268 So.2d 377 (1972)
THE FLORIDA BAR, Petitioner,
v.
Fred IRIZARRY, Respondent.
No. 42493.
Supreme Court of Florida.
October 18, 1972.
*378 Leonard Rivkind, Miami Beach, and Richard C. McFarlain, Tallahassee, for petitioner.
Fred Irizarry, in pro. per.
PER CURIAM.
On petition of The Florida Bar, this Court issued its order directing that the Respondent, Fred Irizarry, who is not a member of The Florida Bar, show cause why he should not be held in contempt of this Court for violation of the Integration Rule of The Florida Bar heretofore adopted by this Court, and why he should not be enjoined from the unauthorized practice of law.
In its petition, The Florida Bar charged that Respondent, a resident of Florida, engaged in the unauthorized practice of law by the following act:
"In or about September, 1970, in Miami, Dade County, Florida, Respondent was paid the sum of $75,00 by the buyer for drafting a contract of purchase and sale and for completion of the closing documents such as a Warranty Deed and Closing Statement, in a real estate transaction in which Francisco Rosado and Eluminada Rosado, his wife, were sellers, and Ramon Matias and Nellie Matias, his wife, were purchasers; that respondent neglected to prorate real estate taxes on the closing statement to the damage of the purchasers and neglected to record the Warranty Deed until after repeated demands were made by an attorney subsequently employed by purchasers; ..."
By letter following notice to show cause, Respondent admitted the above violation and requested this Court to issue its injunction restraining further violations of Article II, Section 2 of the Integration Rule of The Florida Bar, 32 F.S.A.
In Florida Bar v. Town, 174 So.2d 395 (Fla. 1965), quoting the earlier decision of this Court in State of Florida ex rel. The Florida Bar v. Sperry, 140 So.2d 587 (Fla. 1962), we said:
"It is generally understood that the performance of services in representing another before the courts is the practice of law. But the practice of law also includes the giving of legal advice and counsel to others as to their rights and obligations under the law and the preparation of legal instruments, including contracts, by which legal rights are either obtained, secured or given away, although such matters may not then or ever be the subject of proceedings in a court.
"We think that in determining whether the giving of advice and counsel and the performance of services in legal matters for compensation constitute the practice of law it is safe to follow the rule that if the giving of such advice and performance of such services affect important *379 rights of a person under the law, and if the reasonable protection of the rights and property of those advised and served requires that the persons giving such advice possess legal skill and a knowledge of the law greater than that possessed by the average citizen, then the giving of such advice and the performance of such services by one for another as a course of conduct constitute the practice of law."
As concerns the preparation of legal instruments in real estate transactions, we have limited the permissible scope of activities of real estate brokers to preliminary negotiations and preparation of the contract. We have said that where the broker has no interest in the transaction except as a broker, he may not complete standard conveyancing forms such as deed, mortgages, notes, assignments and satisfactions. Keyes Co. v. Dade County Bar Association, 46 So.2d 605 (Fla. 1950); Cooperman v. West Coast Title Company, 75 So.2d 818 (Fla. 1954); and Florida Bar v. Teitelman, 261 So.2d 140 (Fla. 1972).
The record does not disclose whether or not Respondent is a licensed real estate broker, but this is immaterial inasmuch as at least one of the instruments prepared by Respondent (e.g. the Warranty Deed) is prohibited to brokers and nonbrokers alike. Therefore we hold that the Respondent Fred Irizarry did engage in activities definable as the "practice of law" in Florida although he was not then and is not now a member of The Florida Bar; accordingly, it is ordered that Respondent be permanently enjoined and restrained from the unauthorized practice of law in the State of Florida.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, McCAIN and DEKLE, JJ., concur.