273 So.2d 390 (1973)
THE FLORIDA BAR, Petitioner,
v.
Lucille E. MORAN, Respondent.
No. 43223.
Supreme Court of Florida.
February 21, 1973.
Leonard Rivkind, Miami Beach, and Richard C. McFarlain, Tallahassee, for petitioner.
John J. Quinn, Key West, for respondent.
PER CURIAM.
We issued a Rule to Show Cause, in consequence of a petition by The Florida Bar, directing Lucille E. Moran to explain why she should not be held in contempt of this Court for the unauthorized practice of law in this State. Article V, § 15, Florida Constitution, F.S.A. (formerly, Article V, § 23, Florida Constitution, 1968); Article II, § 2, Integration Rule of The Florida Bar, 32 F.S.A.
The unauthorized practice consisted of her distribution and use of business cards bearing these words: "Independent Bar Association of Massachusetts, Lucille E. Moran, Attorney at Law, Specializing in Tax Defenses, P.O. Box 641, Tavernier, Florida 33070." The Bar's position is that the card falsely represents and suggests that she is an attorney licensed to practice in this State. We agree. Respondent is resident in Florida; she appears to hold herself out for business here; she advertises that her specialty is tax defense work and that she is an attorney at law. The logical inference is that Florida permits her to practice. See The Florida Bar v. Fuentes, 190 So.2d 748 (Fla. 1966).
Although acknowledging in her response to the Rule that she had distributed the cards, respondent now states through her counsel that she does not intend to distribute the card in the future. Accepting this *391 statement of cooperation as true, we are satisfied that the Rule heretofore issued should be discharged.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS and BOYD, JJ., concur.