PER CURIAM.
Pursuant to Petition of The Florida Bar under the Integration Rule this Court issued its Rule to Respondent, Frank M. Joyce, to show cause why he should not be held in contempt of this Court for violation of the Integration Rule, Section 2, Article II, prohibiting the unauthorized practice of law.
*28 The Petition of The Florida Bar alleged :
“Respondent, FRANK M. JOYCE, has engaged in the unauthorized practice of law in Florida and more particularly in Dade County, Florida, during the years 1973 and 1974, by one or more of the following acts:
“A. By falsely representing and holding himself out as a licensed Florida attorney in an application for employment with the State Attorney, Dade County, Florida, a true copy of which is annexed hereto as Exhibit A.
“B. By accepting an appointment as Assistant State Attorney, Dade County, Florida, upon the false representation aforesaid, and by thereafter serving in such capacity in and out of court.
“C. By signing criminal informations as an Assistant State Attorney, Dade County, Florida.
“D. By performing legal services in and out of court as an Assistant State Attorney, Dade County, Florida.
“E. By falsely representing and holding himself out as a licensed Florida attorney to the Bar, the bench, and the public.”
In response to the rule to show cause Respondent, Frank M. Joyce, filed his answer and motion to dismiss, which reads as follows:
“1. The Respondent admits paragraphs 1 through IV of the Petition Against Unauthorized Practice of Law (hereinafter referred to as ‘the Petition’).
“2. The Respondent does not deny paragraph V of the Petition.
“3. As to paragraph VI of the Petition, Respondent admits subparagraph (A) and admits only that he was and is not a member of the Florida Bar.
“4. The Respondent, as to paragraph VII of the Petition, admits that he was duly sworn in as an Assistant State Attorney and that he performed functions thereas. However, the Respondent denies that he engaged in the unauthorized practice of law as defined in the State of Florida and denies that he signed any criminal Informations as an Assistant State Attorney or ever prosecuted any case as an Assistant in Circuit Court.
“And further, the Respondent would raise affirmatively the following:
“5. That the Office of State Attorney and his Assistants are creatures of the State and, therefore, governed strictly thereby as to qualifications for holding office, powers, duties, salary, etc.
“6. That the State recites the qualifications and duties of Assistant State Attorneys in Chapter 27 of the Florida Statutes.
“7. That nowhere in the Florida Statutes is it stated that an Assistant State Attorney be a member of the Florida Bar.
“8. That under the law of the State of Florida, Respondent believes that he did not engage in the unauthorized practice of law as has been defined and enunciated in the highest Court of the State.
“9. The allegations of the Petition do not set forth conduct for which the Respondent can or should be held in contempt of court.
“10. However, notwithstanding the responses and affirmative defenses raised herein, Respondent is no longer an Assistant State Attorney, does not appear in court for any purpose, and does not intend to engage in any conduct which could by any interpretation constitute the practice of law in the future, unless and until he is otherwise properly admitted to the Florida Bar.
“WHEREFORE, the Respondent respectfully requests that this Honorable Court discharge the Rule to Show Cause issued herein.”
*29 This matter was set for oral argument hearing before this Court on June 17, 1974. The Respondent made no appearance but advised the Court through his attorney that he “waives his right to oral argument on the 17th of June, 1974 and leaves the Court to rule based on the pleadings already filed in this cause.”
The foregoing considered, we find this matter at issue, due process having been duly afforded Respondent.
It is the judgment of this Court that Respondent, Frank M. Joyce, has engaged in the unauthorized practice of law as alleged in The Florida Bar’s petition. We specifically hold that Respondent, in performing legal services in and out of court as an Assistant State Attorney, Dade County, Florida, when he was not licensed as a Florida attorney, constitutes the unauthorized practice of law.
It is the judgment of this Court that Respondent, Frank M. Joyce, be, and he is found in contempt of this Court for having illegally engaged in the unauthorized practice of law. It is ordered that he be, and is hereby, permanently enjoined from the unauthorized practice of law in Florida. It is further ordered that as a penalty for his engaging in the unauthorized practice of law as found herein, he is fined the sum of $1,000 and also directed to pay the costs of these proceedings in the amount of $359.70.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN, DEKLE and OVERTON, JJ., concur.