298 So.2d 371 (1974)
THE FLORIDA BAR, Petitioner,
v.
William D. LARKIN, Respondent.
No. 45345.
Supreme Court of Florida.
July 26, 1974.
*372 Richard C. McFarlain, William Buford Wiley, Tallahassee, and Leonard Rivkind, Miami Beach, of The Florida Bar, for petitioner.
Leonard C. Carter, Lakeland, for respondent.
PER CURIAM.
On petition of The Florida Bar, we issued a rule directing respondent, William D. Larkin, who is not a member of The Florida Bar, to show cause why he should not be held in contempt of this Court for violation of the Integration Rule of The Florida Bar heretofore adopted by this Court. Article V, Section 15, Florida Constitution (formerly Article V, Section 23, Florida Constitution, 1968); Article II, Section 2, Integration Rule of The Florida Bar. We appointed a referee to conduct hearings and take testimony necessary to establish the facts herein, but respondent's reply has obviated that necessity and the Bar has accordingly requested judgment on the pleadings.
In its petition the Bar alleged that respondent, a resident of Florida, engaged in the unauthorized practice of law by the following:
"A. In or about April, 1969, Respondent prepared Last Wills and Testaments for Willard C. and Elizabeth N. Palmer, 195 Hidden Harbor, Stuart, Florida 33494. In addition to drafting said instruments, Respondent assisted in their execution and represented to Mr. and Mrs. Palmer that said instruments conformed to the requirements of Florida law. For his services, Respondent received compensation.
"B. On or about January, 1972, Respondent prepared an Antenuptial Agreement for Harold J. Bushnell, 81 Hidden Harbor, Stuart, Florida 33494 and Elizabeth Willis, now Elizabeth Bushnell, of the same address. In addition to drafting said Antenuptial Agreement, Respondent prepared a Last Will and Testament for Harold J. Bushnell. For the above described services, Respondent received compensation.
"C. In or about May or June, 1972, Respondent prepared Last Wills and Testaments for Victor W. and Anna M. Snyder, 202 Hidden Harbor, Stuart, Florida 33494. In addition to drafting said instruments. Respondent assisted in their execution and represented to Mr. and Mrs. Snyder that said instruments conformed to the requirements of Florida law. For his services, Respondent received compensation."
In his reply to the rule to show cause, respondent, a retired attorney, admitted to practice in Illinois, admitted all the *373 allegations of the Bar's petition, but averred that in no way did he intend or consider himself to be engaged in the practice of law and that he received no direct compensation for any of the acts alleged. He further alleged great mental suffering and anguish as a result of the Bar's petition and consents and agrees to refrain from the future unauthorized practice of law in this State.
In State of Florida ex rel. The Florida Bar v. Sperry (Fla. 1962), 140 So.2d 587, 591, we said:
"It is generally understood that the performance of services in representing another before the courts is the practice of law. But the practice of law also includes the giving of legal advice and counsel to others as to their rights and obligations under the law and the preparation of legal instruments, including contracts, by which legal rights are either obtained, secured or given away, although such matters may not then or ever be the subject of proceedings in a court.
"We think that in determining whether the giving of advice and counsel and the performance of services in legal matters for compensation constitute the practice of law it is safe to follow the rule that if the giving of such advice and performance of such services affect important rights of a person under the law, and if the reasonable protection of the rights and property of those advised and served requires that the person giving such advice possess legal skill and a knowledge of the law greater than that possessed by the average citizen, then the giving of such advice and the performance of such services by one for another as a course of conduct constitute the practice of law."
See The Florida Bar v. Town (Fla. 1965), 174 So.2d 395, and The Florida Bar v. Irizarry (Fla. 1972), 268 So.2d 377. We adhere to that view, and find that the respondent's preparation of wills and antenuptial agreements for others, both of which affect important rights of persons under the law, without the review and approval of an attorney licensed to practice in this State, constitute the unauthorized practice of law. See 7 Am.Jur.2d Attorneys at Law §§ 73 and 75, and 22 A.L.R.3d 1112.
It appearing to us, however, that respondent has cooperated in seeking a speedy determination of this cause, has admitted the acts alleged, has presently ceased and agreed to refrain from the unauthorized practice of law in this State, we do not now feel we should hold him in contempt of this Court. We are, therefore, satisfied that the rule to show cause heretofore issued should be discharged, but without prejudice to further proceedings by The Florida Bar should any future unauthorized practice of law by respondent become known.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN, BOYD and OVERTON, JJ., concur.