BY THE COURT.
We have before us a petition filed by The Florida Bar requesting that we enjoin James P. Moore from the unauthorized practice of law. A stipulation has been filed which reads in material part as follows:
“5. Respondent agrees not to hold himself out as an attorney or a legal practitioner in the State of Florida by correspondence, business cards, advertisements, or otherwise until such time as he may be admitted to The Florida Bar.
6. That Respondent shall not furnish any legal advice or counsel concerning the laws of the State of Florida or of any other state to any person while Respondent is in the State of Florida until such time as he is admitted to The Florida Bar.
7. That Respondent is now familiar with the decisions of the Supreme Court of Florida in The Florida Bar v. Sperry, 140 So.2d 587 (Fla.1962), judgment vacated on other grounds 373 U.S. 379 [83 S.Ct. 1322, 10 L.Ed.2d 428] (1963), and in The Florida Bar v. Larkin, 298 So.2d 371 (Fla.1974), and Respondent will fully and faithfully comply with those decisions.
8.That Petitioner and Respondent jointly move the court to withhold any adjudication of contempt in this matter and as an alternative to enter a permanent injunction against Respondent prohibiting him from engaging in unauthorized practice of law in Florida. Respondent agrees to abide by any injunction prohibiting him from engaging in the practice of law in the State of Florida until Respondent shall first become a member of The Florida Bar.”
We accept the stipulated settlement of this cause and hereby enjoin James P. Moore from engaging in the practice of law until such time as he becomes a member of The Florida Bar. Costs shall be taxed in accordance with the stipulation.
It is so ordered.
OVERTON, C. J., and ADKINS, ENGLAND, HATCHETT and KARL, JJ., concur.