PER CURIAM.
This matter is before the Court on Petition Against Unauthorized Practice of Law pursuant to Article XVI of the Integration Rule of The Florida Bar.
On June 13, 1979, The Florida Bar filed its Petition alleging:
Respondent, at all times material herein, was not and is not a member of The Florida Bar and was not and is not therefore licensed to engage in the practice of law in the State of Florida.
Respondent has engaged in the unauthorized practice of law in Florida by one or more of the following acts:
1. In March, 1979, the respondent held himself out as an attorney to Arthur Henry Landman. Mr. Landman was the defendant in a case filed in Manatee County Court (case no. 79-166) by Nationwide Insurance Company. Mr. Land-man told the court he was represented by the respondent and that he anticipated paying the respondent a fee for his services. On March 20, 1979, someone who identified himself as the respondent tele *429 phoned Lewis F. Collins, Jr., attorney for Nationwide and negotiated with him on behalf of Mr. Landman.
2. Bob Bortel of Anamaria, Florida, is acquainted with the respondent. The respondent held himself out as a lawyer to Mr. Bortel. And he advised the respondent to contact Mr. Landman. Mr. Bortel did this because, as Mr. Landman’s employer, he knew that Mr. Landman was having legal problems.
3. During the late winter and spring of 1979, the respondent proported [sic] to render legal services to Norma Jean Copeland. Ms. Copeland stated that she engaged the respondent as her attorney to represent her in a civil suit in which she was the defendant. The respondent advised her that he negotiated with the plaintiff on her behalf. Ms. Copeland paid the respondent a fee for his services.
4. Ms. Copeland also engaged the respondent as her lawyer to represent her in a controversy involving the mortgage on her home held by Coast Federal Savings and Loan.
5. Respondent held himself out as an attorney to Dolores Aanensen of Braden-ton, Florida, who subsequently hired him to represent her in a controversy with Sarasota Memorial Hospital. She paid the respondent $40.00 for both legal and accounting fees.
6. During March, 1979, the respondent held himself out as a lawyer to Eleanor C. Mitchell of Bradenton, Florida. Ms. Mitchell employed the respondent to do some income tax work for her and to prepare a codicil to her will. She gave the respondent a copy of her will and a deed to certain real property in Pennsylvania. She paid him a total of sixty dollars for his services, but as of April 23, 1979, she had not received the codicil from the respondent.
On July 13, 1979, this Court issued Rule to Show Cause and Order Appointing Referee.
Having considered the pleadings and evidence, the referee recommends that respondent be permanently enjoined from engaging in the acts complained of in the petition and from otherwise engaging in the practice of law in the State of Florida and that respondent be found in indirect criminal contempt of the Supreme Court for the unauthorized practice of law and sentenced to five months in state prison, to run concurrently with the sentence against respondent in Case No. 78-368F in the Circuit Court in and for Manatee County.
Having carefully reviewed this matter, we approve the recommendations of the referee.
Accordingly, respondent Lawrence T. Walzak, Jr., is permanently enjoined from engaging in the acts complained of in the Petition Against Unauthorized Practice of Law and from otherwise engaging in the practice of law in the State of Florida and respondent is held in indirect criminal contempt of this Court for the unauthorized practice of law and sentenced to five months in state prison, to run concurrently with the sentence against him in Case No. 78-368F in the Circuit Court in and for Manatee County.
Costs in the amount of $163.50 are hereby taxed against the Respondent.
It is so ordered.
ENGLAND, C. J., and BOYD, OVER-TON, SUNDBERG and ALDERMAN, JJ., concur.
ADKINS and McDONALD, JJ., dissent.