398 So.2d 1368 (1981)
THE FLORIDA BAR, Complainant,
v.
Joe MILLS, Jr., Respondent.
No. 58675.
Supreme Court of Florida.
May 28, 1981.
H. Glenn Boggs, Asst. Staff Counsel, UPL, Tallahassee, Ronald R. Richmond, Chairman, Standing Committee on Unauthorized Practice of Law, New Port Richey, and C. Clyde Atkins, Jr., Bar Counsel of Musleh, Bond, Arnett, Atkins & Krehl, Ocala, for complainant.
Joe Mills, Jr., in pro. per.
PER CURIAM.
This is a proceeding on a complaint of The Florida Bar against Joe Mills, Jr., contending he has engaged in the unauthorized practice of law. This Court appointed the Honorable Wallace E. Sturgis, Jr., as referee to conduct a hearing. Judge Sturgis found that the respondent, a nonlawyer, prepared articles of incorporation for a client who was damaged by that work. Drafting articles of incorporation is the practice of law. The Florida Bar v. Fuentes, 190 So.2d 748 (Fla. 1966); The Florida Bar v. Keehley, 190 So.2d 173 (Fla. 1966); The Florida Bar v. Town, 174 So.2d 395 (Fla. 1965).
The referee recommended:
1. The referee recommends that the respondent, Joe Mills, Jr., be enjoined *1369 "... from forming corporations for others, including the preparation of charters, by-laws, resolutions, and other documents incidental to the contractual rights of the corporation, its incorporators, and stockholders, and from advising others in respect thereto." (See The Florida Bar v. Town, 174 So.2d 395 (Fla. 1965).
2. The referee recommends that the respondent, Joe Mills, Jr., be found guilty of indirect criminal contempt of the Supreme Court for violation of the Court's rule against unauthorized practice of law by the respondent's act of preparing the Articles of Incorporation for Ed's Auto Supply, Inc.
3. The referee recommends that the Supreme Court withhold the imposition of any fine or imprisonment under the finding of guilty of indirect criminal contempt.
4. The referee recommends that the Supreme Court assess the costs of this proceeding against the respondent, such costs in the amount to be determined by appropriate affidavit to be submitted to the referee by the petitioner and forwarded to the Supreme Court for final approval.
We approve and adopt these recommendations as the order of this Court. The costs required to be paid are $361.51.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON and McDONALD, JJ.,, concur.
BOYD, J.: I would enjoin respondent from practicing law and require payment of costs but I would not find him guilty of indirect criminal contempt.