PER CURIAM.
This matter is before the Court on petition against unauthorized practice of law pursuant to article XVI of the Integration Rule of The Florida Bar. We have jurisdiction. Art. V, § 15, Fla.Const. (1972).
A petition against the unauthorized practice of law was filed in this Court on October 13, 1980, alleging:
I
This petition is filed pursuant to Article XVI of the integration Rule of The Florida Bar.
II
This Court has original and exclusive jurisdiction to prohibit the unauthorized practice of law pursuant to Article V, Section 15, of the Florida Constitution.
III
Petitioner is charged with the duty and responsibility of initiating and prosecuting, in this Court, proceedings against the unauthorized practice of law.
*15 IV
Article II, Section 2, of the Integration Rule of The Florida Bar provides in part that “[n]o person shall engage in any way in the practice of law in this state unless such person is an active member of The Florida Bar in good standing....”
V
The Board of Governors of The Florida Bar has authorized the institution of this proceeding against respondent.
VI
Respondent, at all times material herein, was not and is not a member of The Florida Bar, and was not and is not therefore licensed to engage in the practice of law in the State of Florida.
VII
Respondent has engaged in the unauthorized practice of law in Florida by one or more of the following acts:
1. A copy of a Cease and Desist Affidavit which was signed by respondent on June 29, 1979, pursuant to petitioner’s investigation of alleged instances of unauthorized practice of law and previous to the occurrence of the acts alleged immediately below, is attached hereto and marked “A”.
2. On or about May 14, 1980, Suburban Chevrolet Co., 1100 Excelsior Avenue, Hopkins, Minnesota 55343, received a Statement of Claim and a Summons, purporting to initiate litigation, from Just Lamps, Inc., 4820 S.W. 75th Avenue, Miami, Florida 33155. The name Andrew Peters appears in a space designated for attorney for plaintiff. Anson Klinger, a/k/a Andrew Peters, is President of Just Lamps, Inc.
3. On or about August 7,1980, George Motor Sales, Route 50 East, Grafton, West Virginia 26354, received a Statement of Claim and a Summons, purporting to initiate litigation, from Just Lamps, Inc., of Miami, Florida. The name Andrew Peters appears in a space designated for attorney for plaintiff.
VIII
The aforementioned activities of respondent violate the letter and spirit of this Courts decisions in The Florida Bar v. Walzak, 380 So.2d 428 (Fla.1980), The Florida Bar v. Joyce, 299 So.2d 27 (Fla.1974), and The Florida Bar v. Scussel, 240 So.2d 153 (Fla.1970).
A motion for temporary injunction was filed on the same day.
On January 13, 1981, this Court granted the petition against unauthorized practice of law and ordered respondent to show cause to a referee why he should not be held in contempt of this Court for the unauthorized practice of law. We also ordered that respondent be temporarily enjoined from engaging in the complained of activities.
Having reviewed the pleadings and evidence, the referee found respondent guilty of indirect criminal contempt. The referee recommended that respondent be fined $1,000 plus all costs incurred by The Florida Bar in these proceedings, and additionally that the temporary injunction entered by this Court be made permanent.
Having carefully reviewed this matter we approve the recommendations of the referee.
Accordingly, respondent Anson Klinger a/k/a Andrew Peters, is permanently enjoined from engaging in the acts complained of in the petition against unauthorized practice of law, and from otherwise engaging in the practice of law in the state of Florida. We hold respondent in indirect criminal contempt of this Court for the unauthorized practice of law, and impose a fine on him in the amount of $1,000 plus costs of this proceeding in the amount of $215.00.
It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.