**Decided February 1, 1988**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

IN RE THE MATTER OF                )        CRIMINAL CASE NO. 88-09M
                                   )
                                   )
    ANTONIO P. VILLANUEVA,         )              ORDER
                                   )
            Respondent.            )
_____    )

This matter was heard on January 29, 1988. The Bar Association was represented by Ms. Marcia Bell. The respondent, Antonio Villanueva, appeared and represented himself.

After hearing the testimony and considering the argument of the respondent, the court finds the following facts to be true.

In December, 1986 or January of 1987, Mr. Soo Ahn Kim had some friends from Korea who needed to have a business incorporated. He indicated to the respondent that his friends had contacted attorneys on Saipan but the fees were too high. The respondent approached Mr. Kim and stated that he could get the work done for a lesser amount ($400) and if Kim would supply the necessary information, he would get the incorporation papers done. Kim did this and two or three weeks

later, the respondent returned with the Articles of Incorporation, By-laws, and other necessary documents to incorporate the business to be known as 20th Century Arts. Mr. Kim handed these papers to his friends who then proceeded to have the corporation registered. At the time the respondent gave the documents to Villanueva, Kim paid him $400 cash.

Similar procedures were followed in the following months for two additional corporations known as Global Travel Agency and A's Saipan Corporation. The latter corporation was done at a discount rate and was less than $400.

From the above facts the court concludes as a matter of law the following.

The respondent is not an attorney at law nor a trial assistant. In a prior matter he was indefinitely suspended as a trial assistant and has never regained his former status. In Re the Matter of Villanueva, CTC No. 1-82, DCA No. 83-9001. The preparation of corporate articles, by laws and charter and other documents necessary to establish a corporation is the practice of law. People ex rel Dunbar v. McCellan, (Colo.) 434 P.2d 126. Florida Bar v. Town, (Fla.) 174 So.2d 395. The mere holding out by a layman that he is practicing or is entitled to practice law constitutes the unauthorized practice of law.

Of additional significance here is the fact that the respondent charged and received fees three different times and this is another indication of practicing law without a

**318**

license.  Re Mathews, (Idaho) 62 P.2d 578; People v. Ring, (Cal) 70 P.2d 281.

The respondent does not really contest any of the above. His sole defense is that he told Kim that he would have the work done by a friend. That friend was a trial assistant. Respondent argues that since the trial assistant performed all the work, he did not engage in the unauthorized practice of law.

The court disbelieves this contention for several reasons. The respondent failed to subpoena or arrange for the appearance of the trial assistant and attempted to have the court consider an affidavit which the Bar Association properly objected to. Thus, there is nothing except respondent's assertion that he did not do the work. Even if the court were to believe this, it is evident that the respondent was an integral part of the preparation of the corporate documents by being the gatherer of the information to enable the work to proceed and collected the fees. If the respondent had put Kim in direct contact with a person who was licensed to do the legal work and performed no other function, he would not be guilty of the unauthorized practice of law.

The court finds the respondent, Antonio Villanueva, engaged in the unauthorized practice of law and pursuant to 6 CMC § 3307 he is guilty of Contempt of Court.

This is the second time the respondent has been before the court and all the above acts were done after the respondent was suspended as a trial assistant. He should have been keenly

**319**

aware that his actions were illegal yet he pursued on a course which clearly shows an inability to appreciate the consequences of his actions.

This is one of those cases where a substantial fine would be in order plus some time in jail to impress upon the respondent the seriousness of his conduct. Mr. Kim has already been implicated and found guilty of contempt. His sentence was suspended because his involvement was much less culpable.

Unfortunately, the contempt of court provision limits the fine to $100. The one mitigating factor is that apparently the people who had the corporations formed have not been injured and no complaint has been registered with the court as to the actual formation of the three corporations.

The respondent does appear to be sorry for his involvement.

The respondent is hereby sentenced to six months in jail and fined $100. The six month term in jail is suspended on the following conditions:

1. The $100 fine is paid no later than March 1, 1988. Should the fine not be paid by said date, a warrant for the arrest and commitment of the respondent for six months shall issue.

2. The respondent shall abide by all laws of the Commonwealth and specifically not engage in any unauthorized practice of law.

Dated at Saipan, MP, this 1st day of February, 1988.

Robert A. Hefner, Chief Judge

320