552 So.2d 1106 (1989)
THE FLORIDA BAR, Petitioner,
v.
Freeman D. TATE, Respondent.
No. 72985.
Supreme Court of Florida.
November 22, 1989.
Stephen N. Zack, President, Miami, James Fox Miller, President-elect, Hollywood, John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, Joseph R. Boyd, Chairman, Standing Committee on Unlicensed Practice of Law, Mary Ellen Bateman, Unlicensed Practice of Law Counsel, Lori S. Holcomb, Asst. Unlicensed Practice of Law Counsel, Tallahassee, and David H. Charlip of Martinez, Charlip & Delgado, Co-counsel, Miami, for The Florida Bar, petitioner.
Freeman D. Tate, Miami, in pro. per.
*1107 PER CURIAM.
This cause is before us upon the petition of The Florida Bar to enjoin Freeman D. Tate from the unauthorized practice of law. We have jurisdiction.[*] We appointed a referee to consider this matter and to submit a report to this Court.
The referee concluded that respondent had engaged in the unauthorized practice of law in the state of Florida based upon the following findings of fact:
A... . Respondent, at all times material herein, was not and is not a member of The Florida Bar, and was not therefor licensed to engage in the practice of law in the State of Florida.
B. This Referee does find that the Respondent did in the past engage in the practice of law in the State of Florida as said practice has been defined in The Florida Bar v. Sperry, 140 So.2d 587 (Fla. 1962), rev'd on other grounds, 373 U.S. 379 [83 S.Ct. 1322, 10 L.Ed.2d 428] (1963); The Florida Bar v. Scussel[], 240 So.2d 153 (Fla. 1970); The Florida Bar v. Moran, 273 So.2d 390 (Fla. 1973); The Florida Bar v. Kaiser, 397 So.2d 1132 (Fla. 1981); The Florida Bar v. Kaufman[n], 452 So.2d 526 (Fla. 1984), by handing out business cards which do not otherwise represent him to be a foreign attorney; by not properly representing himself to be a foreign attorney who is not licensed to practice law to clients who engaged him in this jurisdiction, by filing pleadings as attorney of record in Dade County Circuit and County Courts without first obtaining proper Court authorization to appear pursuant to applicable Rules of Judicial Administration and by otherwise "practicing law" in this jurisdiction without obtaining admission into The Florida Bar.
We approve the referee's report and adopt his recommendations:
B. That Respondent be restrained and enjoined from representing to anyone that he is a member of the Florida Bar; from utilizing any cards, letterhead or other written material identifying him as attorney at law without otherwise specifying that he is only admitted to practice in the State of Pennsylvania and from otherwise engaging in the practice of law in the State of Florida.
C. That the costs of this proceeding be taxed against the Respondent.
Respondent is permanently so enjoined. Judgment for costs in the amount of $256.49 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] Art. V, § 15, Fla. Const.