367 So.2d 253 (1979)
Donald T. WEST, Appellant,
v.
William A. TROELSTRUP, Appellee.
No. II-436.
District Court of Appeal of Florida, First District.
January 31, 1979.
*254 J. Lawrence Johnston and E.C. Deeno Kitchen, of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., Martin S. Friedman, Asst. Atty. Gen., for appellee.
MILLS, Judge.
West appeals from an order dismissing his complaint against Troelstrup for failure to state a cause of action.
Count I of the complaint alleges that Troelstrup, the Executive Director of the Florida Department of Criminal Law Enforcement (FDCLE), conspired with others to maliciously and wrongfully interfere with West's employment relationship with FDCLE, and, as a result of the conspiracy, West was terminated as an employee of FDCLE by Troelstrup.
Count II alleges that Troelstrup maliciously and unlawfully discharged West from his employment with FDCLE based on allegations of wrongdoing which were untrue and which Troelstrup knew to be untrue.
The complaint was brought against Troelstrup as an individual rather than in his official capacity as Executive Director of FDCLE.
The factual allegations to support the complaint are as follows:
West was continuously employed by FDCLE or its predecessor organizations from April of 1968 until 17 September 1977. In February of 1977, Troelstrup entered into a conspiracy with Curtis Golden, Clayton Frank Jernigan and others, whereby Troelstrup would cause West to be terminated from employment with FDCLE. It was agreed that Troelstrup would instigate administrative proceedings for the purpose of terminating West. The proceedings would be premised upon factual allegations of wrongdoing against West furnished to Troelstrup by Golden and Jernigan. The allegations of wrongdoing were untrue, and were known by Troelstrup and the others to be untrue. In furtherance of the conspiracy, Troelstrup did instigate administrative proceedings against West.
On 25 July 1977, Troelstrup sent West a letter stating that West was relieved of all official duties and was suspended without pay on the grounds that (1) West had willfully made nonconsensual recordings of wire communications in violation of FDCLE general orders and in violation of Section 934.03, Florida Statutes, and (2) West had capitalized upon confidential insider information for his own personal gain or benefit in violation of Section 112.313(8). The letter further stated that unless West came forward and successfully controverted the charges and sworn evidence he would be dismissed.
By letter dated 16 September 1977, Troelstrup terminated West from all employment with FDCLE as of 17 September. The letter stated that charge number two in the letter of suspension was withdrawn, and that West was being terminated on the basis of charge number one.
The trial court dismissed the complaint on the following grounds:
"1. That plaintiff has failed to state a cause of action for malicious interference with an advantageous business relationship or for conspiracy to effect such interference because defendant was either a party to the relationship or privileged to so act and because the stated cause of action is valid only against third parties external to the business relationship; and
"2. That plaintiff's prayer for relief being limited to monetary damages to recompense the tort here found invalid, and not including any requests for a hearing of any kind, especially under Ch. 112, Part VI, F.S., that therefore such allegations *255 are surplusage insofar as they relate to a lack of hearing and do not invoke this court's powers to order relief."
Florida has long recognized the tort of malicious interference with contractual rights. See Chipley v. Atkinson, 23 Fla. 206, 1 So. 934 (Fla. 1887). If a third party interferes with a contract between two parties by inducing one to breach the contract to the injury of the other, the injured party may maintain an action against the third party for malicious interference. Dade Enterprises v. Wometco Theatres, 119 Fla. 70, 160 So. 209 (1935). A cause of action for malicious interference with a contractual relationship exists only against persons who are not parties to the contractual relationship. Days v. Florida East Coast Railway Company, 165 So.2d 434 (Fla.3d DCA 1964). Thus, whether a cause of action has been stated against Troelstrup depends on whether Troelstrup can be considered a party to West's employment relationship with FDCLE.
West argues that the only parties to West's employment relationship were West and the FDCLE. Although West's employment may have been with the FDCLE, the complaint itself alleges that it was Troelstrup who terminated West's employment, and the attached exhibits support this allegation. West does not allege that Troelstrup did not have the authority to take this action. Obviously, an entity such as the FDCLE must act through individuals. Troelstrup was the person through whom the FDCLE acted in dismissing West. As such he must be considered as a party to the employment relationship.
The nature of the tort supports the determination that Troelstrup was not a third party to the employment relationship. A third party interferes with a contract or business relationship by influencing, inducing or coercing one of the parties to the relationship to abandon the relationship or breach the contract, thereby causing injury to the other party. If Troelstrup was a third party, who did he induce to terminate West? There is no allegation that Troelstrup influenced or induced anyone to terminate West. It appears that the only person who could have been induced to terminate West was Troelstrup himself.
We agree with the trial court that Troelstrup was a party to West's employment relationship and, therefore, the complaint does not state a cause of action against Troelstrup for malicious interference with an advantageous business relationship or for conspiracy to effect such interference.
We affirm the order appealed.
BOYER, Acting C.J., and BOOTH, J., concur.