386 So.2d 1227 (1980)
John J. SCUSSEL and Paul Wolf, Appellants,
v.
David BALTER, Appellee.
No. 78-997.
District Court of Appeal of Florida, Third District.
July 8, 1980.
Rehearing Denied September 4, 1980.
*1228 James O. Nelson, Miami, for appellants.
Bailey & Dawes and Guy B. Bailey, Jr., Miami, for appellee.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
SCHWARTZ, Judge.
This appeal is from a judgment for compensatory and punitive damages entered pursuant to a jury verdict finding that the appellant John Scussel,[1] one of the defendants below, had maliciously interfered with an advantageous business relationship between the plaintiff David Balter and Paul Wolf.[2] Scussel claims the right to the entry of judgment in his favor on two separate grounds. We find no merit in either and affirm.
Scussel first contends that he could not be found to have tortiously interfered with the Balter-Wolf relationship because there was no showing that Wolf violated any specific contractual obligation he owed Balter. We need not determine whether this was in fact the case. This is so because an action lies for intentional interference with a business expectancy which arises even from an unenforceable agreement when, as the jury could find in this case, the understanding would have been complied with if the defendant had not improperly intervened. United Yacht Brokers, Inc. v. Gillespie, 377 So.2d 668 (Fla. 1979), and cases cited; John B. Reid & Associates, Inc. v. Jimenez, 181 So.2d 575 (Fla. 3d DCA 1965).
Scussel secondly suggests that his actions were protected by the privilege afforded an agent[3] who, upon request, gives "honest advice" that it is in his principal's best interests to breach an existing relationship. See 4 Restatement (Second) of Torts § 772(b) (1979). We find, however, that the showings in the record of Scussel's active involvement in Wolf's affairs and of his personal motivations and ulterior purposes *1229 for securing Wolf's withdrawal from his undertaking with Balter demonstrate the inapplicability of this principle. See London Guarantee & Accident Co. v. Horn, 206 Ill. 493, 69 N.E. 526 (1903); Morgan v. Andrews, 107 Mich. 33, 64 N.W. 869 (1895); W. Prosser, Law of Torts § 129 text and authorities at 944, nn. 5-7 (4th ed. 1971).
Affirmed.
NOTES
[1] We have considered other aspects of the action, as they relate to other defendants, in Balter v. Pan American Bank of Hialeah, 383 So.2d 256 (Fla. 3d DCA 1980); Balter v. Frank, 386 So.2d 1227 (Fla. 3d DCA 1980); and Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980).
[2] The jury also found and judgment was entered against Wolf. See Ethyl Corp. v. Balter, supra, note 5. While Wolf initially joined in the notice of appeal in this case, he has since abandoned the appeal and the judgment against him is therefore affirmed without further discussion.
[3] Scussel improperly represented himself as Wolf's attorney and was disciplined for doing so by the supreme court in Florida Bar v. Scussel, 240 So.2d 153 (Fla. 1970).