415 So.2d 791 (1982)
Theresa B. DOYAL, Appellant,
v.
SCHOOL BOARD OF LIBERTY COUNTY, a/k/a the Board of Public Instruction of Liberty County, Florida, a Public Corporation, and Laquita Shuler, As Superintendent of the School District of Liberty County and Individually, Appellees.
No. AD-246.
District Court of Appeal of Florida, First District.
June 8, 1982.
*792 David J. Busch of Busch & White, Tallahassee, for appellant.
Clinton E. Foster and Richard D. Ogburn, Panama City, for appellees.
PER CURIAM.
The order here appealed is a final summary judgment entered for appellant on Counts I and II and for appellees on Counts III and IV of appellant's amended complaint. Appellant raises as error the summary judgment for appellees on Count III and the denial of her prayer for attorney's fees.
Count III of the amended complaint alleged that the superintendent of schools tortiously interfered with appellant's contractual relationship with the Liberty County School Board. The tort of malicious interference with a contractual relationship has been consistently defined by the Florida courts as an intentional interference with a contract between two persons where one of the parties is induced to breach the contract to the injury of the other. Dade Enterprises v. Wometco Theaters, 119 Fla. 70, 160 So. 209 (Fla. 1935); West v. Troelstrup, 367 So.2d 253 (Fla. 1st DCA 1979); Franklin v. Brown, 159 So.2d 893 (Fla. 1st DCA 1964); Steffan v. Zernes, 124 So.2d 495 (Fla. 1st DCA 1960). In the present case, the superintendent did not induce either appellant or the school board to breach the employment contract. The superintendent simply refused to sign appellant's salary warrants causing the breach.
The present case is factually similar to the situation in West v. Troelstrup, supra. Troelstrup was the executive director of the Florida Department of Criminal Law Enforcement (FDCLE). Appellant in that case was employed by FDCLE until Troelstrup allegedly unlawfully discharged him from his employment. We held in that case that Troelstrup must be considered to be a party to the employment relationship stating:
The nature of the tort supports the determination that Troelstrup was not a third party to the employment relationship. A third party interferes with a contract or *793 business relationship by influencing, inducing or coercing one of the parties to the relationship to abandon the relationship or breach the contract, thereby causing injury to the other party. If Troelstrup was a third party, who did he induce to terminate West? There is no allegation that Troelstrup influenced or induced anyone to terminate West. It appears that the only person who could have been induced to terminate West was Troelstrup himself. 367 So.2d at 255.
In the present case, the superintendent did not induce the school board to breach the employment contract with appellant, it was the superintendent's own conduct, in refusing to sign appellant's salary warrants, which constituted the breach of the contract. And, although the superintendent may not have technically been a party to the employment contract, we agree with the trial court in its determination that the superintendent could not be considered a third party to the employment relationship for the purposes of the tort of malicious interference with a contractual relationship. Cf. Hollis v. School Board of Leon County, 384 So.2d 661 (Fla. 1st DCA 1980) (where this court stated dual control is placed in both the superintendent and the school board for the operation and administration of the district school system). Accordingly, we affirm the trial court's order granting summary judgment in favor of appellees on this point.
Appellant also raises as error the trial court's failure to grant appellant an attorney's fee on the final summary judgment entered in appellant's favor on Counts I and II. In those counts of her complaint, appellant sought enforcement of an order issued by the Public Employees Relations Commission and sought damages for the breach of appellant's continuing contract of employment. Appellant contends she was entitled to an award of attorney's fees under Section 57.105, Florida Statutes (1979), as there was a complete absence of justiciable issues of law raised by the losing party with regard to those counts of the complaint. Appellant further contends the trial court should have awarded her an attorney's fee under Section 120.69(7), which provides for the prevailing party in a petition for enforcement to recover the costs of the litigation and a reasonable attorney's fee, and under Section 448.08 which provides for successful litigants in actions for unpaid wages to recover costs of the action and a reasonable attorney's fee. We agree that it was an abuse of discretion for the trial court to deny appellant a reasonable attorney's fee under the facts of this case.
It appears from the record that this teacher was caught in a struggle for power between the superintendent and the school board. It is undisputed that appellant always reported to work where the school board directed her. Yet, the superintendent refused to sign appellant's pay checks for a period of four months because the superintendent felt appellant should report to work at a different school. The superintendent further refused to comply with a PERC order, denying appellant certain benefits. Appellant then filed suit in circuit court to have the PERC order enforced and to obtain the wages which were wrongfully being withheld. Appellant incurred $6,000 worth of attorney's fees in her successful attempt to recover $4,000 in unpaid salary and benefits. In enacting Section 448.08, the Legislature intended to avoid the inequity which would result if an employee were required to pay her own attorney's fees in actions for unpaid wages.
Appellees contend that the trial court's denial of attorney's fees is justified in light of the fact that appellees made offers of judgment to appellant prior to summary judgment being entered. We note that these offers of judgment encompassed only appellant's wages which were past due and the benefits which had been denied. The offers of judgment did not include any amount for the attorney's fees already incurred by appellant in bringing the action and would not have made appellant whole.
Accordingly, we reverse the order of the trial court insofar as it denies appellant an attorney's fee and we remand the case to the trial judge to determine a reasonable *794 fee. In all other respects, the order is affirmed.
ERVIN, BOOTH and THOMPSON, JJ., concur.