505 So.2d 526 (1987)
Leroy H. SLOAN, Appellant,
v.
Sidney SAX, Appellee.
No. 86-1648.
District Court of Appeal of Florida, Third District.
March 31, 1987.
Rehearing Denied May 4, 1987.
*527 Steel, Hector & Davis and Thomas R. Julin and Andrew Rosenblatt, Miami, for appellant.
Frazier Marks, for appellee.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
This is an appeal from the dismissal with prejudice of Sloan's counterclaim charging that Sax unlawfully interfered with the contractual relationship existing between Sloan's precedessor in interest and Ryder System, Inc.[1],[2] The dismissal was predicated upon a finding that "by its express allegations the Counter-Claim shows that Sax was not a third party to the employment relationship between Ryder System, Inc. and Sloan's assignor, Mike Sloan, Inc." We reverse the amended order dismissing the counterclaim and remand the cause for further proceedings.
The counterclaim in question alleges in pertinent part[3] that Mike Sloan, Inc. is an advertising agency headquartered in Miami. In 1974, Mike Sloan, Inc. entered into a contract with Ryder which provided that Ryder would exclusively employ Mike Sloan, Inc. as its advertising agency. For more than nine years, Mike Sloan, Inc. did in fact act as the exclusive advertising agency for Ryder System, Inc. and its successor, Ryder Truck Rental, Inc., in the course of this employment earning substantial commissions for the development and placement of advertisements promoting Ryder. In July 1983, Ryder notified the agency that their contractual relationship was terminated.
The counterclaim also reveals that throughout the entire period of the contract between the ad agency and Ryder, Ryder's advertising director was the plaintiff, Sidney M. Sax. Significantly, it further alleges that Sax willfully and wantonly induced Ryder to terminate its contract with the ad agency
"because of his personal ill will and hatred of Mike Sloan, Inc. and the officers, employees and agents of Mike Sloan, Inc. and not because of any good faith belief that the breach of contract would be in the interest of Ryder"
and that
"[Sax's] inducement of the breach of contract was harmful to Ryder. Furthermore, the inducement of the breach was outside of the scope of Sax's responsibilities as advertising director of Ryder." (emphasis supplied).
The trial court obviously concluded that the express allegation of the counterclaim that Sax was Ryder's advertising director when Ryder fired the ad agency constituted an insuperable obstacle to Sloan's claim that Sax unlawfully interfered with the contractual relationship between the ad agency and Ryder. In this respect, the trial court was in error.
An amalgam of Florida cases teaches that the elements of the tort of unlawful interference with a business relationship are (1) the existence of a business relationship under which the claimant has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship; *528 (4) by a third party; and (5) damages to the claimant caused by the interference. See Tamiami Trail Tours v. Cotton, 463 So.2d 1126 (Fla. 1985); Muller v. Stromberg Carlson Corp., 427 So.2d 266 (Fla. 2d DCA 1983); Berenson v. World Jai-Alai, 374 So.2d 35 (Fla. 3d DCA 1979). Plainly, Sloan's counterclaim adequately alleges the first, second, and fifth elements; and his allegation that Sax acted out of ill will and hatred is more than sufficient to allege the third element. Muller v. Stromberg Carlson Corp., 427 So.2d at 271. But, because an allegation that Sax was maliciously motivated does not by itself mean that Sax acted outside the scope of his employment, see id.; West v. Troelstrup, 367 So.2d 253 (Fla. 1st DCA 1979), some further allegation is required to show that Sax, although Ryder's employee, was not entitled to the protection usually afforded to persons acting in the interest of their employers. See Scussel v. Balter, 386 So.2d 1227, 1228 (Fla. 3d DCA 1980) ("the privilege afforded an agent who ... gives `honest advice' that it is in his principal's best interest to breach an existing relationship" is not available where the agent acts solely with ulterior purposes and the advice is not in the principal's best interest). Where, as here, Sloan alleged that Sax was not acting on Ryder's behalf  indeed, was acting to Ryder's detriment  when he induced Ryder to terminate its contract with the ad agency, the requirement that the interference be by a third party is satisfied. Cf. Buckner v. Lower Florida Keys Hospital District, 403 So.2d 1025 (Fla. 3d DCA 1981) (determination as to whether cause of action for unlawful interference with contractual relationship has been alleged depends on whether defendant is or is not to be considered a party to the contractual relationship); West v. Troelstrup, 367 So.2d 253 (same); Paradise Shores Apartments v. Practical Maintenance Co., 344 So.2d 299 (Fla. 2d DCA 1977) (same); Covert v. Terri Aviation, 197 So.2d 12 (Fla. 3d DCA 1967) (same).
Courts of other jurisdictions have uniformly held that (assuming all other elements are present) where an individual acts without an honest belief that his action will benefit his employer, liability for unlawful interference with his employer's contract with another may be imposed against him. See Tash v. Houston, 74 Mich. App. 566, 254 N.W.2d 579 (1977); Ong Hing v. Arizona Harness Raceway, 10 Ariz. App. 380, 459 P.2d 107 (1969); Navarro v. Fiorita, 271 A.D. 62, 62 N.Y.S.2d 730 (1946), aff'd, 296 N.Y. 783, 71 N.E.2d 468 (1947); Vassardakis v. Parish, 36 F. Supp. 1002 (S.D.N.Y. 1941). For example, in Tash v. Houston, an employee of a local union, discharged from her employment by the local, brought an unlawful interference action against the local's president, who, in that capacity, was in charge of the hiring and firing of union employees. The reviewing court, overturning a summary judgment for the defendant, said that liability may be imposed if it is alleged and shown that the official acted without an honest belief that his action would benefit his employer (here the local) and that the plaintiff's allegation that she was discharged by the president solely because she had spurned his sexual advances was thus sufficient to state a cause of action.
Plainly, the allegations in Sloan's complaint that Sax's act of inducing his employer to terminate its contract with Mike Sloan, Inc. was "harmful to Ryder," not done with "any good faith belief that the breach of contract would be in the interest of Ryder," and "outside the scope of Sax's responsibilities as advertising director of Ryder" are more than sufficient to classify Sax as a third party to the contract despite his employment by Ryder. Accordingly, the amended order dismissing the counterclaim is reversed and the cause remanded for further proceedings.
Reversed and remanded.
NOTES
[1] The counterclaim was brought by Leroy H. Sloan, to whom the cause of action against Sax was assigned by Leroy's Toys, Inc., the successor to Mike Sloan, Inc., the party contracting with Ryder.
[2] Ryder System, Inc. is the predecessor corporation to Ryder Truck Rental, Inc.
[3] The counterclaim is in two counts, the first denominated "Interference with Contractual Relationship," the second, "Interference with Contract Terminable at Will." Because the counterclaimant's allegations are essentially the same in each count, we will not differentiate between them in this opinion.