545 So.2d 298 (1989)
O.E. SMITH'S SONS, INC., Appellant,
v.
Steve GEORGE, Appellee.
No. 88-1368.
District Court of Appeal of Florida, First District.
April 6, 1989.
Rehearing Denied May 17, 1989.
Lester Makofka, Jacksonville, for appellant.
Jeffrey C. Regan, of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee.
SHIVERS, Judge.
Plaintiff, O.E. Smith's Sons, Inc. (Smith's) sued George for tortious interference with the business relationship between Smith's and Centex Homes Corporation (Centex). The trial court granted final summary judgment in favor of the defendant, denied Smith's motion for rehearing and Smith's appealed. We reverse.
Since 1982, Smith's has been in a business relationship with Centex providing septic tank installation and repair services and earning between $80,000 and $100,000 per year. George is vice-president of construction for Centex.
Smith's alleged that George sought a septic tank clearance certificate for the purpose of refinancing and/or selling his personal residence. Allegedly George did not want to pay the $150 cost of this service and wanted Smith's to send the clearance certificate without actually inspecting the premises. Smith's further alleged that George became angry when Smith's refused to issue the certification without inspecting the premises; that after the affiant Sylvia Smith explained to George that *299 to issue the certification without actually inspecting the premises would be unethical and probably illegal, George advised affiant Smith that he would see to it that "someone else would receive the $100,000 worth of business which O.E. Smith's Sons had previously received from Centex."
After this incident Centex cancelled existing septic tank orders and placed no further orders with Smith's. Smith's indicated that it had never before received a complaint or dispute from Centex yet when they contacted the Centex president he stated that he "would go along with Mr. George on this matter."
George defended stating that Smith's complaint does not allege sufficient ultimate facts to demonstrate that he was a third party to the business relationship, that he has discretionary authority to terminate business relations between Centex and others, and that he obtained similar services to those offered by Smith's at a 25% savings to Centex. Centex's president stated by affidavit that George is vice-president of construction, and that George had authority to make that move, and that upon being informed by George that he had obtained a 25% costs savings that he, the president, apporved the change in septic tank contractors as in the best interest of Centex.
In its final summary judgment, the court found that Smith's failed to allege and establish that George was not a party to the business relationship as is required in a cause of action for tortious interference with a business relationship under West v. Troelstrup, 367 So.2d 253 (Fla. 1st DCA 1979). The court further found that this case did not fit the limited circumstances of Sloan v. Sax, 505 So.2d 526 (Fla. 3d DCA 1987) where the employee/defendant acted with ill will towards the plaintiff, acted outside the scope of his employment responsibilities and induced his employer to terminate a business relationship to the employer's detriment.
The court said that
"[b]ecause defendant's corporate function is to enter into and terminate business relationships on behalf of his employer and the replacement of plaintiff was to his employer's benefit, defendant was a party to the business relationship with plaintiff and his actions were privileged. On the evidence presented, there is no disputed issue of material fact and defendant is entitled to summary final judgment as a matter of law."
To recover on a claim based on tortious interference with a business relationship, a plaintiff must establish (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract, (2) knowledge of the relationship on the part of the defendant, (3) an intentional and unjustified interference with the relationship by the defendant, and (4) damage to the plaintiffs as a result of the breach of the relationship. Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126, 1127 (Fla. 1985).
The key element of the tort of intentional interference with a business relationship in this case is that of intentional and unjustified interference by George with the business relationship of Smith's. There is no real dispute over whether George knew about the business relationship between Centex and Smith's or over whether Smith's was damaged. See Id. For the interference to be unjustified, the defendant must be a third party, external to the business relationship. E.g., Sloan v. Sax, 505 So.2d 526 (Fla. 3d DCA 1987); Muller v. Stromberg Carlson Corp., 427 So.2d 266 (Fla. 2d DCA 1983). However, the privileged interference enjoyed by a party that is integral to the business relationship is not absolute. See Sloan, 505 So.2d at 528. The privilege is divested when the defendant "`acts solely with ulterior purposes and the advice [to terminate] is not in the principal's best interest.'" Id. at 528. (quoting Scussel v. Balter, 386 So.2d 1227, 1228 (Fla. 3d DCA 1980)); see also McCurdy v. J.C. Collis, 508 So.2d 380, 383 (Fla. 1st DCA 1987) ("A qualified privilege to interfere is not negated by concomitant evidence of malice. It is only when malice is the sole basis for interference that it will be actionable.") (emphasis in original) (citation omitted).
In reviewing a summary judgment, the appellate court must view the facts in the *300 light most favorable to the party against whom the judgment was granted. E.g., Kanner v. First National Bank of South Miami, 287 So.2d 715 (Fla. 3d DCA 1974). The appellate court must indulge all proper inferences in favor of the party against whom the judgment is granted. E.g., Lovings v. Seaboard Coastline R.R. Co., 340 So.2d 1279 (Fla. 3d DCA 1977). "If the pleadings, depositions, answers to interrogatories, admissions, affidavits and other evidence in the file raise the slightest doubt upon any issue of material fact then a summary judgment may not be entered." Connell v. Sledge, 306 So.2d 194, 196 (Fla. 1st DCA 1975).
We are guided by the reasoning of Ong Hing v. Arizona Harness Raceway, Inc., 10 Ariz. App. 380, 459 P.2d 107 (1969) that the question of whether a corporate officer or employee acted in good faith must be determined as of the time the inducement to terminate took place. George's defense that Centex found cheaper septic tank work presents an issue of material fact as to whether that was George's inducement to terminate Centex's business relationship with Smith's at the time inducement to terminate took place. Also, it is for the trier of fact to determine whether at the time the inducement was made it was for the furtherance of the corporation's interests or for George's personal interests with no benefit to the corporation. Smith's claim that George induced Centex to forego its business relationship with Smith's because Smith's refused to issue George a free septic tank certification without inspecting the premises raises material issues of fact regarding George's purpose at the time he terminated the Centex/Smith's business relationship and regarding the termination's benefit at that time to Centex.
REVERSED and REMANDED for further proceedings.
ZEHMER and BARFIELD, JJ., concur.