592 So.2d 351 (1992)
George S. SWAN, Appellant,
v.
ST. THOMAS UNIVERSITY, a Florida corporation, Patrick O'Neill, Pasquale DiPasquale, Jr., Jackie Smith, Bardie Wolfe, and Raymond O'Keefe, Appellees.
No. 91-1043.
District Court of Appeal of Florida, Third District.
January 14, 1992.
Steven Friedman, Miami, and Meyer and Brooks, and Thomas W. Brooks, Tallahassee, for appellant.
Holland and Knight, and Marilyn J. Holifield, and Thomas H. Loffredo, Miami, for appellees.
Before HUBBART, FERGUSON and GERSTEN, JJ.
PER CURIAM.
Appellant, George S. Swan, appeals from the partial dismissal with prejudice of his third amended complaint. We affirm.
Appellant sued appellee St. Thomas University (University), for breach of contract, fraud and defamation. Appellant also sued appellees, Patrick O'Neill, Pasquale Di-Pasquale, Jr., Jackie Smith, Bardie Wolfe, and Raymond O'Keefe (individual appellees), for tortious interference with a contract, fraud, and intentional infliction of *352 emotional distress. The trial court dismissed all counts against all defendants, except for one count for breach of contract and one count for defamation against the University.
Appellant contends that the trial court erred in partially dismissing his third amended complaint because it properly stated causes of action against appellees. The University asserts that the partial dismissal is a non-final order concerning the University, and thus the appeal against the University should be dismissed.
The individual appellees assert that appellant's third amended complaint was properly dismissed because it failed to state a cause of action for breach of contract, tortious interference with a contract, fraud and intentional infliction of emotional distress.

1) DISMISSAL OF APPEAL
In determining whether an order is final, and thus, appealable, the appellate court must determine whether the order appealed constitutes an end to the judicial labor below. Miami-Dade Water and Sewer Authority v. Metropolitan Dade County, 469 So.2d 813 (Fla. 3d DCA 1985), review denied 482 So.2d 349 (Fla. 1986). In this case, counts against the University for breach of contract and defamation, based upon the same facts and circumstances, remain.
The dismissed counts appealed do not meet the exception laid out in Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla. 1974), because the appealed counts are legally and factually interrelated with the pending counts. Accordingly, we must dismiss the appeal against the University. Miami-Dade Water and Sewer Authority v. Metropolitan Dade County, 469 So.2d at 813.

2) DISMISSAL OF THE THIRD AMENDED COMPLAINT
We find no merit in appellant's contention that the trial court erred in dismissing the third amended complaint regarding the individual appellees. Accordingly, we affirm the dismissal of the counts against the individual appellees. See Metropolitan Life Insurance Company v. McCarson, 467 So.2d 277 (Fla. 1985); Scheller v. American Medical International, Inc., 502 So.2d 1268 (Fla. 4th DCA), review denied 513 So.2d 1060 (Fla. 1987); Ponton v. Scarfone, 468 So.2d 1009 (Fla. 3d DCA), review denied 478 So.2d 54 (Fla. 1985); Buckner v. Lower Florida Keys Hospital District, 403 So.2d 1025 (Fla. 3d DCA 1981), review denied 412 So.2d 463 (Fla. 1982); West v. Troelstrup, 367 So.2d 253 (Fla. 1st DCA 1979).
Affirmed.