Russell W. DORAN and Kimberly Doran, Plaintiffs,

v.

CITY OF CLEARWATER, FLORIDA and Sid Klein, and Wayne Andrews, et al., Defendants.

No. 92–2022–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

March 8, 1993.

See also, 814 F.Supp. 1077.

Bruce Griffith Howie, Battaglia, Ross, Hastings & Dicus, P.A., St. Petersburg, FL, for plaintiffs.

Mark A. Hanley, Thompson, Sizemore & Gonzalez; and Deborah Susan Crumbley, Tampa, FL, for defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' Motion to Dismiss Counts III, IV, and V of the complaint, filed January 22, 1993, or in the alternative to strike portions thereof; and Plaintiffs' response, filed February 18, 1993.

Plaintiffs allege five counts in their complaint. Count I is brought under 42 U.S.C. § 1983. Plaintiff, RUSSELL DORAN alleges that he was forced to resign from his position of police officer by the use of improper threats and other violations of his rights. Count II alleges Defamation of Character based on the Defendants alleged contacts or communication with the media and press which resulted in the alleged publication of malicious falsities against Plaintiff, RUSSELL DORAN. Count III is for Breach of Contract whereby the CITY OF CLEARWATER, FLORIDA, ("CITY"), allegedly prohibited RUSSELL DORAN from exercising his rights under his employment contract. Count IV alleges that Defendants, SID KLEIN, ("KLEIN"), and WAYNE AN-

DREWS, ("ANDREWS"), interfered with RUSSELL DORAN'S contractual rights under the employment contract. Count V is brought by Plaintiff KIMBERLY DORAN for loss of consortium. The complaint, on its face, alleges this count as derivative of all other counts.

### COUNT III

 Plaintiff, RUSSELL DORAN, alleges that Defendants, KLEIN and ANDREWS, acting as employees on behalf of the CITY, prohibited him from effectively exercising his contractual rights under his employment contract with the CITY, or to enforce or put into effect the grievance procedures described in that agreement. By so doing the CITY allegedly breached its contract with RUSSELL DORAN. Defendants contend that this count should be dismissed with prejudice because Plaintiff has failed to exhaust his administrative remedies under the collective bargaining agreement. The agreement calls for grievances to be submitted through a four step process which, barring resolution, is terminated by final and binding arbitration. The last sentence of Section 2, Article 4, of the collective bargaining agreement demonstrates that the scope of a grievance includes dismissals. It reads, "This shall specifically include grievances relating to suspensions, demotions, and dismissals."

Plaintiff, RUSSELL DORAN, urges that because he was forced to resign, he thereby lost his status as an employee and was then prohibited from pursuing the grievance procedure. He points to a provision in the agreement which removes employee status upon resignation. His argument is that a non-employee has no standing to avail himself of the grievance procedure. The agreement seems clear, however, that a dismissed employee has standing. *Id.*

It is the opinion of this Court that a forced resignation is tantamount to a dismissal. Plaintiff cannot have it both ways. If he alleges he was forced to resign, he is subject to the grievance procedure as set forth in the collective bargaining agreement. If he alleges he voluntarily resigned, then the § 1983 action may not withstand a Motion to Dismiss. Since the former allegation is made

here, this Court finds that Plaintiff RUSSELL DORAN has failed to exhaust his administrative remedies for the breach of his employment contract and, therefore, has no cause of action, for this count.

### COUNT IV

 Plaintiff, RUSSELL DORAN, alleges interference with contract by Defendants KLEIN and ANDREWS. He contends that these Defendants interfered with Plaintiff's contractual rights under the collective bargaining agreement. KLEIN and ANDREWS assert that they are both parties to the employment relationship and, therefore, cannot, as a matter of law, be held to have interfered with the contractual relationship. "A cause of action for malicious interference with a contractual relationship exists only against persons who are not parties to the contractual relationship." *Days v. Florida East Coast Railway Company,* 165 So.2d 434 (Fla. 3d DCA 1964). Defendants cite *West v. Troelstrup,* 367 So.2d 253 (Fla. 1st DCA 1979) in support of their contention. The proposition set forth in *West,* is that an entity such as the CITY must act through individuals. Those individuals were KLEIN, in his capacity as Chief of Police, and ANDREWS, in his capacity as DORAN's immediate supervisor. The question is whether KLEIN and ANDREWS were acting outside the scope of their employment when they allegedly pressured DORAN into resigning. The complaint makes no such allegation. Therefore, the complaint does not state a cause of action against KLEIN and ANDREWS for tortious interference with a contract.

### COUNT V

 Plaintiff KIMBERLY DORAN alleges an action for loss of consortium. It is well established and uncontested that loss of consortium can be sustained only as a derivative claim. Defendants cite substantial case law in support of the proposition that loss of consortium may not be asserted as derivative of a § 1983 action. Plaintiff responds that this claim is derivative of Count II, Defamation of Character. Although the complaint itself is unclear as to which specific actions this claim is derivative of, this Court will not

penalize the Plaintiff for its unartful pleading. Accordingly it is

ORDERED that the Motion to Dismiss Count III of the complaint be GRANTED. Count III is, hereby, DISMISSED WITH PREJUDICE. It is further,

ORDERED that the Motion to Dismiss Count IV of the complaint be GRANTED. It is further,

ORDERED that the Motion to Dismiss Count V be DENIED.

DONE AND ORDERED.