PER CURIAM.
AFFIRMED. See Genet Co. v. Annheuser-Busch, Inc., 498 So.2d 683, 684 (Fla. 3d DCA 1986)(stating that “a cause of action for tortious interference does not exist against one who is himself a party to the business relationship allegedly interfered with”); see also Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So.2d 381, 386 (Fla. 4th DCA 1999)(stating with respect to a cause of action for tortious interference with a business relationship that “[f]or the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship”); O.E. Smith’s Sons, Inc. v. George, 545 So.2d 298, 299 (Fla. 1st DCA 1989)(citing Sloan v. Sax, 505 So.2d 526 (Fla. 3d DCA 1987), and Muller v. Stromberg Carlson Corp., 427 So.2d 266 (Fla. 2d DCA 1983)).
POLEN, STEVENSON and TAYLOR, JJ., concur.