**Arthur RUDNICK Plaintiff,**

v.

**SEARS, ROEBUCK AND CO., et al, Defendants.**

**No. 04–81068–CIV–COHN.**

United States District Court, S.D. Florida.

Feb. 17, 2005.

Jaimie Randall Goodman, West Palm Beach, FL, for Plaintiff.

Lori Anne Brown, Niza Maria Motola, Littler Mendelson, Miami, FL, for Defendants.

## ORDER GRANTING MOTION TO REMAND

COHN, District Judge.

**THIS CAUSE** is before the Court upon Plaintiff's Motion For Remand filed on December 8, 2005 [DE # 10]. The Court has carefully reviewed the motion, Defendants' response in opposition [DE # 15], Plaintiff's reply [DE # 20], the Complaint, and the applicable law, and is otherwise duly advised in the premises.

### I. BACKGROUND

Plaintiff Arthur Rudnick originally filed this action in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County against Defendants Sears, Roebuck and Co. ("Sears") and Penny Parker. Defendants removed the action to federal court on November 19, 2004, alleging that Defendant Penny Parker had been fraudulently joined to the action in order to defeat diversity jurisdiction. (*See* DE # 1). Both Defendant Sears and Parker are citizens of the State of Florida.

On January 10, 2004, Plaintiff's employment with Sears as a Sales Representative/Associate was terminated. (*See* DE # 1, Exh. A at ¶¶ 8,9). Plaintiff had been employed with Defendant Sears for over thirty years and was 61 years of age on the date of his discharge. (*See* DE # 1,

Exh. A at ¶¶ 8, 10). Defendant Penny Parker was the Store General Manager of the Boca Raton facility. (*See* DE # 1, Exh. A at ¶ 11). Plaintiff alleges that Defendant Parker had animosity and malice toward him because he was an older employee and because he questioned her offensive discriminatory conduct. (*See* DE # 10 at 2). Specifically, Plaintiff alleges that Defendant Parker engaged in a campaign to sabotage Plaintiff's employment by subjecting him to ridicule, harassing conduct, and false accusations on account of his age. (*See* DE # 1, Exh. A at ¶ 15). Plaintiff also claims that Defendant Parker made false negative accusations about his job performance to Defendant Sears in order to terminate his employment with Sears.

Plaintiff's Complaint contains the following counts: (1) Age Discrimination against Sears under the Florida Civil Rights Act ("FCRA"); (2) Retaliatory Discrimination against Sears under the FCRA; and (3) Tortious Interference With Advantageous Employment/Business Relationship against Defendant Parker.

## II. DISCUSSION

### A. Remand Standard

Any civil case filed in a state court may be removed by a defendant to federal court if the federal court has original jurisdiction over the case. *See Ayres v. General Motors Corp.,* 234 F.3d 514, 517 (11th Cir.2000). In this case, Defendants removed the action pursuant to 28 U.S.C. §§ 1441, 1446 because the amount in controversy exceeds $75,000 and the properly joined parties are diverse. *See* 28 U.S.C. § 1332(a); *see also* DE # 1 at ¶ 4. Defendants argue that diversity of citizenship exists given that individual Defendant, Penny Parker, was fraudulently joined in order to defeat diversity jurisdiction

For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. *Tillman v. R.J. Reynolds Tobacco,* 253 F.3d 1302, 1305 (11th Cir.2001). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. *Id.* The test for determining whether or not a defendant has been fraudulently joined is twofold: (1) determining whether there is no possibility the plaintiff can establish any cause of action against the resident defendant; and (2) determining whether plaintiff has fraudulently pled jurisdictional facts in order to bring the resident defendant into state court. *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997); *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989). The removing party bears the heavy burden of proving that the joinder of the resident defendant was fraudulent. *See Cabalceta,* 883 F.2d at 1561; *Crowe,* 113 F.3d at 1538.

To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. *Crowe,* 113 F.3d at 1538; *see also Cabalceta,* 883 F.2d at 1561. The court makes these determinations based on the plaintiff's pleadings at the time of removal. *Crowe,* 113 F.3d at 1538. When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. *Id.* "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the defendants, the federal court must find that the joinder was proper and remand

the case to the state court." *Tillman,* 253 F.3d at 1305 (quoting *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440–41 (11th Cir. 1983)). This consequence makes sense given that absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors, and to prosecute his own suit in his own way to a final determination. *Crowe,* 113 F.3d at 1538. Furthermore, defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir.1994).

## B. Tortious Interference With Advantageous Employment/Business Relationship

 Defendants argue that Plaintiff fraudulently joined Penny Parker as a Defendant by including a claim against her for tortious interference with a business relationship, a claim which Defendants argue cannot be sustained under state law. Pursuant to Florida law, Plaintiff must establish five elements to state a claim for tortious interference with an advantageous business relationship: (1) the existence of a business relationship under which the claimant has rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship; (4) by a third party; and (5) damage to the claimant cause by the

interference. *See Future Tech Int'l, Ltd. v. Tae II Media, Ltd.,* 944 F.Supp. 1538, 1569 (S.D.Fla.1996). Defendants argue that there is no possibility that Plaintiff can state a claim for tortious interference against Defendant Parker under Florida law because Plaintiff cannot meet the first and fourth elements.[1] Since Plaintiff was an at-will employee, Defendants argue that the first element is not met. In addition, Defendants assert that Parker is not a third party to the putative employment relationship as required by the fourth element. (*See* DE # 15 at 7–8).

 The Court disagrees and finds that Plaintiff has alleged the elements necessary to state a claim for tortious interference. First, the Court finds that under Florida law an at-will relationship can satisfy the first element of a claim for tortious interference with a business relationship. *See Knight v. Palm City Millwork and Supply,* 78 F.Supp.2d 1345, 1347 (S.D.Fla.1999)("Florida courts have held that the mere fact that a contract is terminable at will is not a defense to an action for tortious interference.") *Tamiami Trail Tours, Inc. v. J.C. Cotton,* 432 So.2d 148 (Fla.App.1983)(finding elements of tortious interference with business relationship present where no enforceable contract existed); *McCurdy v. J.C. Collis,* 508 So.2d 380, 383 n. 6 (Fla.App. 1st DCA 1987)("As the supreme court made clear in *Tamiami Trail Tours,* the relationship at

---

1. Defendants also argue that the FCRA preempts Plaintiff's duplicative claim for tortious interference brought against Defendant Parker. Defendants argue that Plaintiff cannot transform an employment discrimination case into a state common law tort claim by including a claim for individual liability against a supervisory employee. (*See* DE # 15 at 2). However, Defendants do not cite to any case law holding that the FCRA preempts state common law tortious interference actions against a manager. The cases cited by Defendants do not specifically pertain to tortious interference claims brought against individuals in the context of employment discrimination actions, but relate to claims brought against individuals under the FCRA and ADEA or with civil conspiracy. As will be discussed below, the Court finds that Plaintiff has plead the elements necessary to a claim for tortious interference with a business relationship under Florida law. As such, the Court finds that there exists a possibility that the state court would find that the Complaint states a cause of action against Parker as required by the fraudulent joinder standard.

issue need not be evidenced by an enforceable contract. Thus, an action will lie where, as in the instant case, a party tortiously interferes with a contract terminable at will."); *Florida Power & Light Co. v. Fleitas*, 488 So.2d 148, 152 (Fla. 3rd DCA 1986)("Intentional interference with a contractual employment relationship-even one, as here, which is terminable at will-is actionable in Florida."); *Unistar Corp. v. Child*, 415 So.2d 733, 734 (Fla. 3rd DCA 1982)("The general rule is that an action will lie where a party tortiously interferes with a contract terminable at will.").

Second, with respect to Defendants' argument that Plaintiff cannot meet the fourth element of a tortious interference claim, the Court also disagrees and finds that Plaintiff has sufficiently alleged that Defendant Parker was a third party to the business relationship. Defendants are correct in stating that under Florida law, a cause of action for tortious interference generally does not exist against one who is himself a party to the business relationship allegedly interfered with. *See* DE # 15 at 9; *Ethyl Corp. v. Balter*, 386 So.2d 1220 (Fla. 3rd DCA 1980). Moreover, as Defendants also point out, Florida courts have established that in the context of a managerial or supervisory employee terminating a plaintiff's employment, an action will usually not lie against the terminating employee because he/she is considered a party to the employment relationship. *See West v. Troelstrup*, 367 So.2d 253, 255 (Fla.App. 1st DCA 1979); *Doyal v. School Board of Liberty County*, 415 So.2d 791 (1st DCA 1982). However, Florida courts have also clarified that the privilege to interference "enjoyed by a party that is integral to the business relationship is not absolute. The privilege is divested when the defendant acts solely with ulterior purposes and the advice is not in the principal's best interest." *O.E. Smith's Sons, Inc. v. George*, 545 So.2d

298, 299 (1st DCA 1989); *see also Gould v. Sacred Heart Hospital of Pensacola*, No. PCA 86–4392–RV, 1988 WL 1017208, *14 (N.D.Fla. June 29, 1988); *Salit v. Ruden McClosky, Smith, Schuster & Russell, P.A.*, 742 So.2d 381, 385 (4th DCA 1999); *Sloan v. Sax*, 505 So.2d 526, 528 (Fla. 3rd DCA 1987).

In *Sloan v. Sax*, appellant brought a counterclaim for tortious interference with a business relationship against appellee, the advertising director of Ryder System, Inc., a company which had a contractual relationship with the appellant advertising agency. Ryder later terminated the contract with the advertising agency and the counterclaim alleged that appellee tortiously interfered with the business relationship by inducing Ryder to terminate the contract. The Court found that where the counterclaim "alleged, that [appellee] was not acting on Ryder's behalf-indeed, was acting to Ryder's detriment-when he induced Ryder to terminate its contract with the ad agency, the requirement that the interference be by a third party is satisfied." *Sloan*, 505 So.2d at 529. The court further ruled that when an individual acts without the honest belief that his actions will benefit his employer, liability for tortious interference may be imposed. *Id.* The court specifically found that the allegations in the complaint stating that Sax's act of inducing his employer to terminate the contract was harmful to his employer, was not done with any good faith belief that the breach of contract would be in the interest of his employer, and was outside the scope of his responsibilities as advertising director, were sufficient to classify Sax as a third party to the contract. *Id.*

Here, Plaintiff's Complaint alleges that Defendant Parker acted with ulterior motives that were harmful to Defendant Sears. Plaintiff specifically alleges in Count III that "Parker intentionally and

maliciously interfered with that employment relationship by inducing the discharge of Plaintiff's employment with Defendant" and that "Defendant Parker acted with improper motives for personal benefit based on her personal discriminatory malice." (*See* DE # 1, Exh. A at ¶ 45). Plaintiff also states that Parker induced the termination of Plaintiff's employment "without an honest belief that her actions would benefit Defendant. Plaintiff's termination from employment was not in Defendant's best interest." (*See* DE # 1, Exh. A at ¶ 46). Based on these allegations, the Court finds that the Complaint sufficiently classifies Parker as a third party to the employment relationship.

 For the foregoing reasons, the Court concludes that Defendants have failed to meet their burden of demonstrating that there is no possibility that Plaintiff can establish a cause of action against Defendant Parker for tortious interference with a business relationship. *See Tillman,* 253 F.3d at 1305 ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the defendants the federal court must find that the joinder was proper and remand the case to the state court."); *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998)("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate"). Therefore, the Court remands the case to the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida.

### III. CONCLUSION

Based upon the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

(1) Plaintiff's Motion For Remand [DE # 10] is hereby **GRANTED.**

(2) This cause is hereby **REMANDED** to the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida for further proceedings.

(3) Defendants' Motion to Dismiss Count III of Plaintiff's Complaint With Prejudice [DE # 4] is hereby **DENIED AS MOOT**.

(4) The Clerk of Court is directed to CLOSE this case. All other pending motions are **DENIED** as moot.