EMAS, J.
Appellant Ketlyne Alexis appeals an order granting Lilliam Ventura’s motion to dismiss a claim for tortious interference with an advantageous business relationship, and an order dismissing Ventura as a party defendant. We reverse.
Alexis was terminated from her job with Arbor E & T, LLC. She first filed a claim with the United States Equal Employment Opportunity Commission, which determined that Alexis “was subjected to a hostile work environment by her supervisor [Ventura] because of her race, black, and national origin, Haitian.” The EEOC concluded that Alexis was discharged because of her race and national origin, and that Arbor E & T committed violations of Title VII of the federal Civil Rights Act of 1964.
Thereafter, Alexis filed a three-count complaint against her employer, Arbor E & T, alleging violations of the Florida Civil Rights Act. Alexis later amended her complaint to add Ventura (her immediate supervisor) as a defendant, and added a fourth count alleging Ventura’s tortious interference with an advantageous business relationship. Alexis alleged that Ventura made a number of hostile statements and engaged in a number of hostile acts against Alexis;[1] that these statements and acts were motivated by discriminatory intent to undermine Alexis’ job performance in the eyes of Arbor E & T; and that these statements and acts by Ventura ultimately led to Alexis’ termination by Arbor E & T.[2]
Ventura filed a motion to dismiss this count and to dismiss Ventura as a defendant to the action. Ventura argued that, as a matter of law, Alexis could not state a claim against Ventura for tortious interference with a business relationship where both Ventura and Alexis were co-employees of that business. The trial court granted the motion, dismissed the claim, and dismissed Ventura as a party defendant.
To state a claim for unlawful interference with an advantageous business relationship, Alexis must allege the following elements:
1. The existence of a relationship between Alexis and her employer, under which Alexis has legal rights;
2. Ventura’s knowledge of the relationship;
B. An intentional and unjustified interference with that relationship;
4. By a third party;
5. Resulting in damages to Alexis caused by the interference.
Sloan v. Sax, 505 So.2d 526 (Fla. 3d DCA 1987).
The instant appeal turns on the fourth element: whether Ventura can be characterized as a “third party” where she and Alexis are co-employees of Arbor E & T. While our common sense might tell us *988 the answer is “no”, the law tells us that the answer, at least under certain circumstances, is “yes.”
The general rule provides that “in the context of a managerial or supervisory employee terminating a plaintiffs employment, an action will usually not lie against the terminating employee because he/she is considered a party to the employment relationship.” Rudnick v. Sears, Roebuck & Co., 358 F.Supp.2d 1201, 1206 (S.D.Fla.2005) (citing West v. Troelstrup, 367 So.2d 253, 255 (Fla. 1st DCA 1979)).
There is a recognized exception to this general rule, as explained in O.E. Smith’s Sons, Inc., v. George, 545 So.2d 298 (Fla. 1st DCA 1989):
For the interference to be unjustified, the defendant must be a third party, external to the business relationship. However, the privileged interference enjoyed by a party that is integral to the business relationship is not absolute. The privilege is divested when the defendant “acts solely with ulterior purposes and the advice is not in the principal’s best interest.”
Id. at 299 (quoting Sloan v. Sax, 505 So.2d 526, 528 (Fla. 3d DCA 1987)). Although “an allegation that [defendant] was maliciously motivated does not by itself mean that [defendant] acted outside the scope of his employment,” Sloan, 505 So.2d at 528, an allegation that the defendant was not acting on the employer’s behalf or was acting to its detriment satisfies the “third party” requirement.
Ventura argues that Sloan does not permit a claim for tortious interference where the alleged interference was committed by more than a single actor. Ventura asserts that, because Alexis alleged that Ventura acted with other co-employees to interfere with Alexis’ business relationship, the Sloan exception is inapplicable. Ventura misapprehends the holding of Sloan. In holding that a co-employee’s conduct can be actionable where the co-employee “acts solely with ulterior purposes,” id., the word “solely” was not intended to limit the number of interfering actors, but rather to limit the underlying motivation. It is the allegation that Ventura acted with the sole ulterior purpose (i.e., a singular improper purpose detrimental to the employer’s interests), which renders the conduct actionable. See, McCurdy v. J.C. Collis, 508 So.2d 380, 383 (Fla. 1st DCA 1987) (“A qualified privilege to interfere is not negated by concomitant evidence of malice. It is only when malice is the sole basis for interference that it will be actionable.”).
The trial court erred in dismissing Ven-tura as a party defendant and in determining that Alexis could not state a claim against Ventura for tortious interference with an advantageous business relationship.
Reversed and remanded for proceedings consistent with this opinion.

. For example, Alexis alleged in her complaint that Ventura told other employees: "I am the boss and I am in charge and I’m going to make that Haitian Bitch know it.”

. In her complaint, Alexis alleged that other co-employees engaged in discriminatory actions and statements against Alexis. However, these other co-employees were not named as defendants to the action.